Justice White,
dissenting:
The Court of Appeals for the Seventh Circuit held in this case that the Carmack Amendment to the Interstate Commerce *914 Act, 49 U. S. C. § 10103, bars a shipper from pursuing state and common-law remedies against a carrier for damages to goods shipped in interstate commerce. The court reasoned that the Act was designed to establish “uniform federal guidelines” that would “remove the uncertainty surrounding a carrier’s liability when damage occurs to a shipper’s interstate shipment.” 829 F. 2d 1407, 1415 (1987). The congressional intent to eliminate such uncertainty would be defeated, said the court, if shippers were allowed to' choose among federal, state, and common-law remedies. The court’s decision relied in large measure on Adams Express Co. v. Croninger, 226 U. S. 491 (1913), which construed an earlier version of the Carmack Amendment as pre-empting state regulation of carrier liability.
The court recognized that its view of the pre-emptive scope of the Carmack Amendment was shared by three other Circuits. See 829 F. 2d, at 1414 (citing Air Products & Chemicals, Inc. v. Illinois Central Gulf R. Co., 721 F. 2d 483, 484-485 (CA5 1983), cert. denied, 469 U. S. 832 (1984); Fulton v. Chicago, R. I. & P. R. Co., 481 F. 2d 326, 331-332 (CA8), cert. denied, 414 U. S. 1040 (1973); W. D. Lawson & Co. v. Penn Central Co., 456 F. 2d 419, 421 (CA6 1972)). The court noted that a divergent position had been taken by the Tenth Circuit, however, in Reed v. AAACON Auto Transport, Inc., 637 F. 2d 1302, 1304-1305 (1981); Litvak Meat Co. v. Baker, 446 F. 2d 329 (1971); and L. E. Whitlock Truck Service, Inc. v. Regal Drilling Co., 333 F. 2d 488 (1964). For example, the Litvak court held that the Carmack Amendment “did not oust all other remedial rights of shippers” against interstate carriers. 446 F. 2d, at 337.
Accordingly, because a conflict exists among the Circuits concerning the pre-emptive scope of the Carmack Amendment, I would grant certiorari.