United States Court of Appeals,

Fifth Circuit.

No. 93-1438

Summary Calendar.

Alan MOFFIT, Individually and as Next Friend for Scott Moffit and Douglas Moffit, et al., Plaintiffs-Appellees,

v.

BEKINS VAN LINES CO. and Pat White, Defendants-Appellants.

Nov. 4, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before REYNALDO G. GARZA, SMITH and WIENER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

The Moffits appeal the district court's grant of Bekins Van Lines' summary judgment motion which dismissed all of their state law claims. Finding no error, we AFFIRM.

BACKGROUND

The Moffits, in December of 1990, contracted with Bekins Van Lines ("Bekins") to move their household goods and furnishings from Wichita Falls, Texas to Brackenridge, Colorado. The shipping documents generated by and governing this move are the interstate order for service and bill of lading. The Moffits wanted to be in their new home in time for the Christmas Holidays, however, their goods were not shipped on time.

The Moffits brought suit in Texas state court for: 1) tort of outrage, 2) intentional and negligent infliction of emotional distress, 3) breach of contract, 4) breach of implied warranty, 5) breach of express warranty, 6) violation of the Texas Deceptive Trade Practices Act sections 17.46 and 17.50, 7) slander, 8) misrepresentation, 9) fraud, 10) negligence and gross negligence, and 11) violation of Bekins' statutory duties as a common carrier under state law. Bekins removed the case to federal court alleging that a federal question existed because the Carmack Amendment 49 U.S.C. section 11707 controlled the parties' relationship and their rights in connection with the move of the goods. Bekins filed a motion to dismiss the Moffits' state law claims which the district court denied.

Bekins then filed a motion for summary judgment and the Moffits filed a motion for remand to state court. The district court granted Bekins' motion for summary judgment and declared the Moffits' motion for remand moot.

The Moffits appeal the district court's grant of Bekins' summary judgment motion which dismissed all of their state law claims.

DISCUSSION

The sole issue on appeal is whether the district court properly granted summary judgment on the basis that federal law, via the Carmack Amendment, preempts all of the Moffits' state law claims.

The Carmack Amendment[1], 49 U.S.C. section 11707 et seq. reads in pertinent part:

> [A] carrier or freight forwarder and any other common carrier that delivers the property and is providing transportation or service subject to the jurisdiction of the [Interstate Commerce] Commission under subchapter I, II or IV [of 49 U.S.C. Ch. 105] are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property....

The United States Supreme Court in *Adams Express Co. v. Croninger,* 226 U.S. 491, 505, 33 S.Ct. 148, 151-152, 57 L.Ed. 314 (1912), described the condition of interstate transportation prior to the passage of the Carmack Amendment as follows:

> Some states allowed carriers to exempt themselves from all or a part of the common law liability by rule, regulation or contract; others did not; the Federal courts sitting in the various States were following the local rule, a carrier being held liable in one court when under the same state of facts he would be exempt from liability in another; hence this branch of interstate commerce was being subjected to such a diversity of legislative and judicial holding that it was practically impossible for a shipper engaged in a business that extended beyond the confines of his own State, or for a carrier whose lines were extensive, to know without considerable investigation and trouble, and even then oftentimes with but little certainty, what would be the carrier's actual responsibility as to goods delivered to it for transportation from one State to another. The [Carmack Amendment] has made an end to this diversity; for the national law is paramount and supersedes all state laws as to the rights and liabilities and exemptions created by such transaction.

*Id.* (*quoting Southern Pacific Co. v. Crenshaw,* 5 Ga.App. 675, 687, 63 S.E. 865 (Ga.1909)).

In *Air Products & Chemicals v. Ill. Cent. Gulf R.R.,* 721 F.2d 483, 486 (5th Cir.1983), *cert. denied,* 469 U.S. 832, 105 S.Ct. 122, 83 L.Ed.2d 64 (1984), this Court held that a purpose of the

---

[1]Although the substance of the Carmack Amendment (originally 49 U.S.C. § 20(11)) has been recodified into 49 U.S.C. § 11707, § 10730, and § 10103, these sections are commonly termed the Carmack Amendment. *Hughes v. United Van Lines, Inc.,* 829 F.2d 1407, 1412 n. 5 (7th Cir.1987), *cert. denied,* 485 U.S. 913, 108 S.Ct. 1068, 99 L.Ed.2d 248 (1988).

Carmack Amendment was to "substitute a paramount and national law as to the rights and liabilities of interstate carriers subject to the Amendment." This Court, furthermore, adopted the Supreme Courts language in *Adams Express Co.:*

> That the legislation supersedes all the regulations and policies of a particular state upon the same subject results from its general character. It embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract.

> To hold that the liability therein declared may be increased or diminished by local regulation or local views of public policy will either make the provision less than supreme, or indicate that Congress has not shown a purpose to take possession of the subject. The first would be unthinkable, and the latter would be to revert to the uncertainties and diversities of rulings which led to the amendment.

*Id.* at 486 (*quoting Adams Express Co.,* 226 U.S. at 505-06, 33 S.Ct. at 152).

The Moffits ask this Court to hold that the Carmack Amendment does not preempt their state law claims. Such a holding could only lead to the morass that existed before the Carmack Amendment. Therefore, we find that the district court correctly held that federal law, via the Carmack Amendment, preempts the Moffits' state law claims. To hold otherwise would only defeat the purpose of the statute, which was to create uniformity out of disparity. Therefore the district court is AFFIRMED.