**NORTH AMERICAN STAINLESS,**
Plaintiff,

v.

**M/V LESZEK G, et al., Defendants.**

Civil No. AMD 94–2682.

United States District Court,
D. Maryland.

Jan. 31, 1996.

---

**490**

James D. Skeen, Wright, Constable & Skeen, Baltimore, MD, for plaintiff.

Manfred W. Leckszas, Ober, Kaler, Grimes & Shriver, Baltimore, MD, Stanley Alpert, Cohen, Alpert & Forman, Baltimore, MD, for defendants.

## MEMORANDUM AND ORDER

DAVIS, District Judge.

The Plaintiff, North American Stainless ("NAS"), had shipped from Algeciras, Spain to the Port of Baltimore steel coils on Defendant North Bay Shipping, Ltd.'s ("North Bay") ocean vessel, the M/V Leszek G ("Leszek"). Upon reaching Baltimore, the coils were transferred by ITO Corporation of Baltimore ("ITO") to rail cars operated by Defendant CSX Transportation ("CSX"). CSX then transported the coils by rail to the Plaintiff's facility in Ghent, Kentucky. Shortly after arrival at the Plaintiff's facility, NAS became aware that the coils had suffered rust damage.

This action was instituted by NAS in a two-count complaint against North Bay and the Leszek (count I) and CSX (count II) to recover for damage caused to the coils during transport. The amount in controversy is in excess of $200,000.00. Presently before the Court is CSX's motion for summary judgment. The Court has jurisdiction pursuant to 28 U.S.C. § 1337 and 49 U.S.C. § 11707. The parties have fully addressed all issues in their memoranda and exhibits to the Court's satisfaction. Therefore, no hearing is necessary. Local Rule 105.6 (D.Md.1995).

In its motion for summary judgment, CSX sets forth two separate bases for judgment in its favor: (1) the Plaintiff is unable, under either the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707, or the common law, to establish a *prima facie* case of liability against CSX; and (2) the Plaintiff has failed to meet the terms of the contract of carriage and has, therefore, waived its right to assert a claim against the Defendant.

This Court shall assume, *arguendo*, that the Plaintiff has met the requirements under the contract of carriage and is not foreclosed from pursuing a claim. Nonetheless, this Court holds that as a matter of law, NAS is unable to make out a *prima facie* case against CSX under any theory. Accordingly, summary judgment shall be granted in favor of CSX.

(i)

Federal Rule of Civil Procedure 56(c) directs the district court to enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). It is a trial judge's duty to prevent factually unsupported claims from proceeding to trial. *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987). Neither speculation nor the "mere existence of a scintilla of evidence in support of the plaintiff's position will" stave off a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986); *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir.1985). "[T]here must be evidence on which the jury could reasonably find for the

plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. *See also Rountree v. Fairfax County Sch. Bd.*, 933 F.2d 219, 223 (4th Cir.1991).

(ii)

■ The Carmack Amendment provides in pertinent part:

> A common carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission under subchapter I, II, or IV of chapter 105 of this title ... shall issue a receipt or bill of lading for property it receives for transportation under this subtitle. That carrier ... and any other common carrier that delivers the property and is providing transportation or service subject to the jurisdiction of the Commission under subchapter I, II, or IV are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (1) the receiving carrier, (2) the delivering carrier, or (3) another carrier over whose line or route the property is transported in the United States ... when transported under a through bill of lading and ... applies to property reconsigned or diverted under a tariff filed under subchapter IV of chapter 107 of this title. Failure to issue a receipt or bill of lading does not affect the liability of a carrier or freight forwarder. A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination.

49 U.S.C. § 11707(a)(1).

The Carmack Amendment was enacted for the purpose of "reliev[ing] shippers of the burden of searching out a particular negligent carrier from among numerous carriers handling an interstate shipment." *Reider v. Thompson*, 339 U.S. 113, 119, 70 S.Ct. 499, 502, 94 L.Ed. 698 (1950). In order to assert a *prima facie* case under the Carmack

Amendment, the Plaintiff must demonstrate: (1) that the cargo was delivered in good condition to the receiving carrier, (2) that the cargo arrived damaged at its final destination, and (3) the amount of damage incurred. *Missouri Pac. R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138, 84 S.Ct. 1142, 1145, 12 L.Ed.2d 194 (1964); *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 294 (4th Cir.1990).

■ CSX argues that the Plaintiff is unable to produce sufficient evidence that the cargo was delivered to it in good condition.[1] It points initially to the report of L.E. Nagy, Senior Surveyor of Toplis & Harding, Inc. Toplis & Harding was hired by the Plaintiff to assess the damage to the coils and to ·determine its origin. In his report, Nagy states that the rust was caused by "[c]ontact with seawater during the voyage of importation and while in the custody of the ocean carrier." This conclusion was based, in part, on a chemical analysis of the coils performed by Dixie Services, Inc. Dixie Services concluded that the "sodium and chloride contents of the [surface scrapping] sample [from the coils] are high and indicative of contact with seawater." Finally, CSX points to an interoffice memo from one of the Plaintiff's own chemists which states that:

> [A] sample was taken of the recent shipment Acerinox black coils. The coils were badly corroded and stained from what appeared to be some type of liquid. Regular water might cause this stain, but not induce the severe corrosion. Testing was done from residual chlorides on the surface with the assumption that chlorides in sea water would cause this type of attack. Drop testing was performed and clearly a white precipitate formed on the surface of the steel indicat[ing] the presence of chlorides.... [T]his corrosion was caused by contact with sea water....

Interoffice memo of Eric T. Jasper to Cristobal Fuentes & Antonio Pacheco, dated 1/21/93.

---

[1]. CSX also appears to argue in the alternative that it is neither the receiving nor delivering carrier and, therefore, cannot be sued by the Plaintiff under the Carmack Amendment. CSX Transp.'s Mem. of Law in Supp. of its Mot. for

Summ. J. at 8. This Court disagrees, adopting instead the view of the Plaintiff on this issue that "CSX was both the receiving and delivering carrier...." NAS's Mem. of Law in Opp. to CSX Transp.'s Mot. for Summ. J. at 7.

In response, the Plaintiff argues that at the time the coils were transferred from the ocean vessel to CSX's rail cars, no damage was present. The Plaintiff states that ITO, which performed the transfer, designated "checkers" to monitor the transfer. As part of their duties, the Plaintiff contends that the checkers took notice of damage both to the cargo itself and to its packaging, etc. ITO's checkers for the pertinent transfer were Edward Hughes and Charles Byard. According to the Plaintiff, "[n]either checker noticed rust damage to the coils...." NAS's Mem. in Opp. to CSX Transp.'s Mot. for Summ. J. at 2. As support for this proposition, NAS directs this Court's attention to a number of pages in Hughes' and Byard's deposition transcripts. Upon review of the cited pages, however, this Court finds no support whatsoever for the Plaintiff's assertion. In fact, both Hughes and Byard stated on deposition that they had no personal recollection of the events at all. Byard's Dep. at 5; Hughes Dep. at 5.

Furthermore, although much is made by the Plaintiff of documents "generated by the checkers" and recordation of "their observations concerning the condition of the coils at that critical moment," NAS's Mem. in Opp. to CSX Transp.'s Mot. for Summ. J. at 5, no such documentation was produced. "The arguments of counsel, absent any evidence such as sworn affidavits accompanying objections to a motion for summary judgment, fail to meet the evidentiary standard necessary to create a genuine issue of material fact." Rountree, 933 F.2d at 223. The only document that was produced by the Plaintiff is an alleged "recap" of the checkers observations which makes no mention of any rust damage. The Plaintiff did not, however, lay a foundation upon which this Court might consider this document admissible at trial. "Material that is inadmissible will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact at trial...." Miller, Wright & Kane, *Federal Practice and Procedure Civil 2d* § 2727, at 156.[2]

Finally, the Plaintiff contends that CSX's bills of lading did not note rust damage to the coils upon receipt of the coils by CSX in Baltimore. NAS's Mem. in Opp. to CSX Transp.'s Mot. for Summ. J. at 2. In support, the Plaintiff directs this Court to the deposition of Joseph E. McCauley. McCauley's deposition, however, is of no help to the Plaintiff. He testified that the bills of lading were prepared by NAS. However, in NAS's Memorandum in Opposition to CSX Transportation's Motion for Summary Judgment, it asserts that no one from NAS was present at the time of the loading of the rail cars. *Id.*

In sum, the Plaintiff has failed to produce sufficient credible evidence to demonstrate one of the essential elements of its case. As such, this Court finds that no reasonable jury could return a verdict for the Plaintiff. Accordingly, CSX's motion for summary judgment shall be granted with respect to NAS's claim under the Carmack Amendment.

(iii)

Having determined that Plaintiff is unable to proceed against CSX under the Carmack Amendment, the Court now turns its attention to common law causes of action. Preliminarily, the Court notes that it believes that the Carmack Amendment has preempted the field of common law remedies. *See, e.g., Moffit v. Bekins Van Lines Co.,* 6 F.3d 305 (5th Cir.1993); *Hughes Aircraft Co. v. North American Van Lines, Inc.,* 970 F.2d 609, 613 (9th Cir.1992); *Hughes v. United Van Lines, Inc.,* 829 F.2d 1407, 1412–15 (7th Cir.1987), cert. denied, 485 U.S. 913, 108 S.Ct. 1068, 99 L.Ed.2d 248 (1988); *see also Millers Mut. Ins. Ass'n of Illinois v. Southern Railway Corp.,* 483 F.2d 1044, 1049 (4th Cir.1973) ("we are inclined to think the Carmack Amendment preempts state remedies in the area that it covers"). *But see Aaacon Auto Transport, Inc. and State Farm Mut. Auto. Ins. Co.,* 537 F.2d 648, 654–55 (2d Cir.1976), cert. denied, 429 U.S. 1042, 97 S.Ct. 742, 50 L.Ed.2d 754 (1977). Nevertheless, even if the Plaintiff could maintain a cause of action for negligence or breach of contract, the Plaintiff has failed to produce any evidence to support these claims. As explained *supra,*

---

2. In addition, in its Answers to Interrogatories, NAS stated that "neither ITO nor CSX are responsible for examining the coils for rust." Answer to Interrog. 7.

the evidence in fact points to the damage being caused while the cargo was being transported over sea, not while it was in the possession or control of CSX. The Court, therefore, shall grant CSX's motion for summary judgment with respect to all common law claims as well.

Accordingly, it is this 31st day of January 1996, by the United States District Court for the District of Maryland, ORDERED that CSX Transportation's Motion for Summary Judgment BE, and it hereby is, GRANTED.

The Clerk of the Court shall serve copies of this Memorandum and Order, by United States mail, upon the attorneys of record for the parties.