**James W. SIMMONS, Jr. and James W. Simmons, III, Plaintiffs,**

v.

**UNITED PARCEL SERVICE, Defendant.**

**Civil No. SA–95–CA–1265.**

United States District Court,
W.D. Texas,
San Antonio Division.

Feb. 12, 1996.

Stephen A. Katz, Shaddox, Compere, Walraven & Good, P.C., San Antonio, Texas, for Plaintiffs.

Michael P. Warren, Davidson & Troilo, San Antonio, Texas, for Defendant.

## ORDER

SUTTLE, Senior District Judge.

The matter before the Court is the Motion to Remand filed by Plaintiffs on January 5, 1996. Having reviewed the same and the response filed by Defendant on January 11, 1996, the Court finds that the motion is not well taken.

Plaintiffs filed this action in the 166th Judicial District Court, Bexar County, Texas on November 9, 1995. Therein Plaintiffs sought damages for United Parcel Service's failure to deliver two boxes containing antelope meat, capes, and horns by "second day air" as contracted for by the Plaintiffs on November 21, 1994. According to Plaintiffs, UPS did not deliver the two boxes until November 31, 1994, at which time the boxes were rotting, putrefied, and odorous. Plaintiffs sued UPS for breach of contract and for violations of Art. 21.21 and 21.55 of the Texas Insurance Code. On December 19, 1995, UPS filed its Notice of Removal pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441, claiming that Plaintiffs' claims were governed by the Carmack Amendment, 49 U.S.C. § 11707. Plaintiffs now move for remand.

Plaintiffs raise three arguments in support of their remand motion. First, they argue that the amount in controversy does not exceed $10,000 as required by 28 U.S.C. §§ 1337 and 1445. Second, they argue that removal cannot be based on a defense of preemption of state law by the Carmack Amendment. Finally, Plaintiffs argue that recovery under the Deceptive Trade Practices Act for false, misleading or deceptive acts and practices occurring before entering into a shipping contract are not preempted by the Carmack Amendment nor are state law claims by a shipper based on the carrier's actions in investigating and responding to loss of a shipment.

With regard to Plaintiffs' argument that the amount in controversy does not satisfy the requirements of 28 U.S.C. §§ 1337

and 1445(b).[1] Pursuant to 28 U.S.C. § 1337(a), federal question jurisdiction exists for Carmack Amendment claims "only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." Federal jurisdiction under the Carmack Amendment does not, as Plaintiffs assert, depend on the amount on the face of the receipt or bill of lading. If the shipment generates a controversy exceeding $10,000, the claim satisfies the $10,000 jurisdictional requirement. *Pillsbury Company v. Atchison, Topeka and Santa Fe Railway Co.*, 548 F.Supp. 28, 30 (D.Kan.1982). Plaintiffs state in their state court petition that "[t]he total amount of damages ... does not exceed $49,000.00." Thus, this satisfies the $10,000 in controversy requirement of §§ 1337 and 1445.

Plaintiffs next challenge the removal as being improper because it is based on a defense of preemption of their state law claims by the Carmack Amendment. As Plaintiffs point out, the Supreme Court has held that a case may not be removed to Federal Court on the basis of a federal defense, including that of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue, citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987). However, as the Supreme Court noted, there exists an "independent corollary" to the well-pleaded complaint rule known as the "complete preemption" doctrine. *Caterpillar, Inc.*, 482 U.S. at 393, 107 S.Ct. at 2430. Under the "complete pre-emption doctrine," once an area of state law has been completely preempted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. *Id.* Both the Supreme Court and the Fifth Circuit have held that the Carmack Amendment preempts all state law claims against a common carrier. *See Adams Express Co. v. Croninger*, 226

U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1912) and *Moffit v. Bekins Van Lines, Co.*, 6 F.3d 305 (5th Cir.1993) (district court correctly held that the Carmack Amendment preempted plaintiff's state law claims for, *inter alia,* breach of contract and breach of the Texas Deceptive Trade Practices Act). Therefore, the "complete pre-emption" doctrine applies and UPS's removal on that basis was proper.

Accordingly, it is ORDERED that Plaintiffs' Motion to Remand be, and the same is hereby, DENIED.

---

1. Section 1445(b) provides in pertinent part as follows:

    A civil action in any State court against a common carrier ... to recover damages for delay, loss, or injury of shipments, arising un-

der section 11707 of title 49, may not be removed to any district court of the United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs.