**J. Joseph DUERRMEYER, and Tia M. Duerrmeyer, Plaintiffs,**

v.

**ALAMO MOVING AND STORAGE ONE, CORPORATION, a Texas Corporation, Doing Business as Alamo Mayflower and Alamo Moving & Storage Co., Defendant.**

**Civil Action No. SA–99–CA–054–FB.**

United States District Court,
W.D. Texas,
San Antonio Division.

March 24, 1999.

reached); *See also Dupre,* 810 F.Supp. at 826 & n. 2.

William C. Egger, Jr., William C. Egger, Jr., A Professional Corporation, for plaintiffs.

J. Joseph Duerrmeyer, pro se.

Tia M. Duerrmeyer, pro se.

John Carroll Augustine, Saegert, Angenend & Augustine, P.C., Austin, for defendant.

## ORDER DENYING MOTION TO REMAND

BIERY, District Judge.

Before the Court is Plaintiffs' First Amended Motion to Remand (docket no.

8), defendant's response (docket no. 9), and plaintiffs' reply (docket no. 10). After careful consideration, the motion is denied.

In August of 1998, plaintiffs contracted with Alamo Moving and Storage One, Corporation ("Alamo") to transport their belongings from Switzerland to San Antonio, Texas. The goods reached San Antonio, but Alamo placed them in storage because plaintiffs refused to pay $29,552.73 in transportation costs. Maintaining Alamo was due only $19,466.60 under the terms of the contract, the Duerrmeyers filed suit in state court seeking to compel Alamo to accept that amount as payment-in-full and deliver and unwrap their goods, as required by the shipping agreement. The Duerrmeyers' allege breach of contract, conversion, fraud, negligence, negligent misrepresentation, promissory estoppel and breach of fiduciary duty causes of action under Texas law. Alamo removed the action to federal court contending the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, preempts plaintiffs' state law claims. Plaintiffs move to remand arguing the Carmack Amendment does not apply because they have alleged no "actual loss or damage" to their goods, as required by the statute.[1] *Id.*

■■■ Under the well-pleaded complaint rule, federal question jurisdiction exists only if the face of the plaintiffs' complaint reveals an issue of federal law. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The assertion of a federal defense, even if the defense is anticipated in the plaintiffs' complaint, does not justify removal. *Id.* at 393, 107 S.Ct. 2425. Nonetheless, under the complete preemption doctrine, an exception to the well-pleaded complaint rule, removal is proper if federal legislation is so complete it entirely supplants the state law claims. *Metropolitan Life Ins. Co. v.*

*Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

The Carmack Amendment allows shippers to recover for the actual loss or damage to their property caused by any of the interstate carriers involved in the shipment. 49 U.S.C. § 14706. The Supreme Court interpreted the Carmack Amendment broadly as occupying the entire interstate shipment field of commerce.

> [The Carmack Amendment] embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract. Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it.

*Adams Express Co. v. Croninger,* 226 U.S. 491, 505–06, 33 S.Ct. 148, 57 L.Ed. 314 (1913).

The Fifth Circuit relied on the reasoning of *Adams Express Co.* to conclude the Carmack Amendment preempts a shipper's state law breach of contract and tort claims. *Air Prods. & Chems., Inc. v. Illinois Cent. Gulf R.R.,* 721 F.2d 483, 487 (5th Cir.1983), *cert. denied,* 469 U.S. 832, 105 S.Ct. 122, 83 L.Ed.2d 64 (1984)("Congress intended by the Carmack Amendment to provide a uniform national remedy against carriers for breach of the contract of carriage, including liability for default in any common-law duty as a common carrier."). Other circuits which have considered the issue have also held the Carmack Amendment preempts state law claims against a common carrier. *Intech, Inc. v. Consolidated Freightways, Inc.,* 836 F.2d 672, 677 (1st Cir.1987)(Carmack Amendment is exclusive avenue for recovering breach of contract damages for failure to unload shipment); *Shao v. Link Cargo*

---

1. This is not entirely true. Plaintiffs seek $600,000 in conversion damages and request additional monies for the loss of the use and enjoyment of their property. As negligence

damages, plaintiffs seek compensation for any damage caused by defendant's failure to properly store their belongings.

*(Taiwan) Ltd.*, 986 F.2d 700, 704–07 (4th Cir.1993)(state negligence and breach of contract claims preempted); *W.D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419, 421–24 (6th Cir.1972)(common law claims for damages preempted by Carmack Amendment); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1412–15 (7th Cir.1987), *cert. denied*, 485 U.S. 913, 108 S.Ct. 1068, 99 L.Ed.2d 248 (1988)(Carmack Amendment preempts state law claims of negligence, breach of insurance contract, breach of contract of carriage, conversion, intentional misrepresentation, negligent misrepresentation and negligent infliction of emotional distress); *Hopper Furs, Inc. v. Emery Air Freight Corp.*, 749 F.2d 1261, 1264 (8th Cir.1984)("All actions against a common carrier, whether designated as tort or contract actions, are governed by the federal statute ...."); *Hughes Aircraft Co. v. North Am. Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir.1992)(Carmack Amendment preempts state law negligence action); *Underwriters at Lloyds of London v. North Am. Van Lines, Inc.*, 890 F.2d 1112, 1121 (10th Cir. 1989)(en banc)(state law negligence cause of action preempted by Carmack Amendment).

Although the case does not specifically address the "actual loss or damage" language of the Amendment, the Fifth Circuit's opinion in *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305 (5th Cir.1993), is instructive. Dealing with the preemption of state law causes of action seeking to recover damages for a carrier's untimely delivery of goods, its reasoning seems equally applicable to the preemption of state law claims seeking to recover damages for charging an improper rate for transporting the goods and the failure to fulfill duties closely related to the duty of delivery. Like the instant case, *Moffit* considers the extent to which the Carmack Amendment preempts state law claims relating to a carrier's failure to perform its obligations under the shipping agreement in the absence of direct damage to the goods.

The Moffits contracted with Bekins Van Lines ("Bekins") to move their household goods and furnishings from Wichita Falls, Texas, to Brackenridge, Colorado. *Id.* at 305. They wanted to be in their new home in time for the Christmas holidays; however the goods were not shipped in time. *Id.* at 306. The Moffits brought suit against Bekins in Texas state court alleging the tort of outrage, intentional and negligent infliction of emotional distress, breach of contract, breach of implied warranty, breach of express warranty, violation of the Texas Deceptive Trade Practices Act, slander, misrepresentation, fraud, negligence and gross negligence and violation of a "carrier's statutory duties as a common carrier" causes of action. Bekins removed to federal court, contending a federal question existed because the Carmack Amendment controlled the parties' relationship and their rights in connection with the move of the goods. *Id.* On appeal, the Moffits asked the Court to hold the Carmack Amendment did not preempt their state law tort and breach of contract causes of action. The Court declined, explaining:

> Such a holding could only lead to the morass that existed before the Carmack Amendment. Therefore, we find the district court correctly held that federal law, via the Carmack Amendment, preempts the Moffits' state law claims. To hold otherwise would only defeat the purpose of the statute, which was to create uniformity out of disparity.

*Id.* at 307. Thus, resort to state law claims challenging the carrier's obligations under the shipping agreement, even in the absence of direct damage to goods, would thwart one of the primary purposes of the Carmack Amendment: that is, to provide some uniformity in the disposition of claims brought under a bill of lading. *See id.*

 Plaintiffs' state court causes of action, whether based in contract or tort, seek damages flowing from the shipping contract with Alamo. In light of Supreme

Court precedent and the Fifth Circuit's holding in *Moffit,* the Court finds the Carmack Amendment governs the parties' rights and liabilities under this situation, even though the state laws at issue do not govern claims arising directly out of damage to the Duerrmeyers' goods. The complete preemption doctrine therefore applies and defendant's removal was proper.

IT IS THEREFORE ORDERED that Plaintiffs' First Amended Motion to Remand (docket no. 8) is DENIED.

It is so ORDERED.