**Walter REEVES and Carlanda Reeves, Plaintiffs,**

v.

**MAYFLOWER TRANSIT, INC., et al., Defendants.**

**No. Civ.A. 98–C–1409–N.**

United States District Court, M.D. Alabama, Northern Division.

Aug. 18, 1999.

Jere L. Beasley, Wilson Daniel Miles, III, Joseph H. "Jay" Aughtman, Scott T. McArdle, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, AL, Horace G. "Chip" Williams, III, Williams, Potthoff, Williams & Smith, LLC, Eufaula, AL, for Walter Reeves, Carlanda Reeves, plaintiffs.

Burgin H. Kent, Bishop, Colvin, Johnson & Kent, Birmingham, AL, for Mayflower Transit, Inc., AAA Associates Moving & Storage, Fred A. Russell, Kachina Moving & Storage, Inc., Transprotection Service Co., defendants.

### ORDER

CARROLL, United States Magistrate Judge.

This matter is before the court for consideration of plaintiff's motion to remand filed January 14, 1999. The parties have filed submissions on the motion and the matter is ready for resolution. For the reasons stated below, the court finds that the motion is due to be denied.

### I.

This action relates to a moving agreement between the parties. Plaintiffs, Walter and Carlanda Reeves contracted with defendants Mayflower Transit Inc., AAA Associates Moving & Storage, Fred A. Russell, Kachina Moving & Storage, Inc. and TransProtection Service Co., to pack, ship and deliver the contents of their home in Phoenix, Arizona to Montgomery, Alabama. Plaintiffs contend that defendants failed to perform the service as contracted. On November 30, 1998, plaintiffs filed a civil action against the defendants in the Circuit Court for Montgomery County, Alabama. The complaint alleges causes of action for breach of contract, fraud, theft, intentional infliction of emotional distress, conversion, negligence, recklessness and wantonness, and civil conspiracy. Plaintiffs seek compensatory and punitive damages.

On December 16, 1998, defendants removed the action to this court pursuant to 28 U.S.C. § 1441(b) asserting this court's subject matter jurisdiction based upon federal question jurisdiction. See 28 U.S.C. § 1331. Defendants argue that since this action is based on circumstances involving interstate transportation services, this court has exclusive jurisdiction under the Carmack Amendment to the Interstate Commerce Act. The Carmack Amendment imposes liability on common carriers and freight forwarders for loss and damages to goods in an interstate commerce shipment, see generally 49 U.S.C. § 14706, and grants district courts original jurisdiction over actions brought under the amendment if the bill of lading or receipt for the transport exceeds $10,000. 28 U.S.C. § 1337(a).[1] However, since the plaintiffs

---

1. The full text of Section 1337(a) provides:
   The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: Provided, however, That [sic] the district courts shall have original jurisdiction of an

are the master of their complaint, *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913), and they chose not to allege a claim under the Carmack Amendment, they argue that this court may exercise federal question subject matter jurisdiction only if the Carmack Amendment completely preempts state law claims. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).[2]

Complete preemption occurs when "the preemptive force of the statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id. (quoting Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). If a court deems an area of state law completely pre-empted, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore, arises under federal law and is subject to removal to federal court". *Id. See also Metropolitan Life,* 481 U.S. at 67, 107 S.Ct. 1542; *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10 n. 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

It has long been established that the Carmack Amendment of the Interstate Commerce Act governs "all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination." *Southeastern Express Co. v. Pastime Amusement Co.,* 299 U.S. 28, 29, 57 S.Ct. 73, 81 L.Ed. 20 (1936). *See Great Northern Ry. Co. v. Galbreath Cattle Co.,* 271 U.S. 99, 46 S.Ct. 439, 70 L.Ed. 854 (1926). There is not, however, a definitive or consistent resolution regarding the preemptive scope of the amendment. *See Hughes v. United Van Lines, Inc.,* 485 U.S. 913, 108 S.Ct. 1068, 99 L.Ed.2d 248 (1988) (J. White dissenting from Court's denial of petition for certiorari "because a conflict exists among the Circuits concerning the preemptive scope of the Carmack Amendment.") Additionally, the Eleventh Circuit is not among the courts of appeals that has addressed this issue.

As expected, plaintiffs urge this court to follow the jurisdictions that declined to find that the Carmack Amendment completely preempts state law claims. *See, e.g., Beers v. North American Van Lines, Inc.,* 836 F.2d 910 (5th Cir. 1988); *Hunter v. United Van Lines,* 746 F.2d 635 (9th Cir.1984). Plaintiffs argue that these cases are persuasive because they give proper deference to the limited and cautious application of the complete preemption doctrine.

Similar to the plaintiffs in the pending action, the plaintiffs in *Beers* and *Hunter* sought recovery for personal property that was damaged in the course of a move. The *Beers* relied solely on state law causes of action—tortious loss of goods, tortious breach of the insurance contract, breach of fiduciary duties, fraud in the inducement to contract, and negligent and intentional infliction of emotional distress—for their theories of recovery. The *Beers* court rejected defendants contention that the Carmack Amendment

action brought under section 11706 or 14706 of title 49 [49 U.S.C. § 11707], only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

2. Contrary to defendants' attempts to color the jurisdictional issue before the court otherwise, this court's subject matter jurisdiction rests on whether the state law claims asserted by plaintiff are completely preempted by the Carmack Amendment. The authorities cited by defendants to support their contention that

federal subject matter jurisdiction exists under Section 1337 clearly rest on a finding that the Carmack Amendment completely preempts state law claims. *See Construction Serv., Inc. v. Watkins Motor Line, Inc.,* Civil Action 98–N–0628–NE (N.D.Ala. Memorandum Of Opinion filed May 6, 1998); *Simmons v. United Parcel Service,* 924 F.Supp. 65 (W.D.Tex.1996); *Sweeney v. Morgan Drive Away, Inc.,* 394 F.Supp. 1216 (D.Colo.1975). *See also* Memorandum Of Law In Support Of Motion To Dismiss filed by defendants January 6, 1999.

precluded plaintiff's claims because it considered such an argument an attempt to assert federal jurisdiction based on a defense which was insufficient to confer federal subject matter jurisdiction. *Beers,* 836 F.2d at 913.

The *Hunter* plaintiffs asserted a claim under the Carmack Amendment and alleged state law causes of action for fraud in the negotiation of the contract of carriage, bad faith and intentional infliction of emotional distress. That court also rejected defendants' preemption argument as an attempt to confer federal subject matter jurisdiction based on a defense. *Hunter,* 746 F.2d at 640–643, 644. The court went on to find that the original jurisdiction provision of the Carmack Amendment did not precluded the state court claims because resolution of the state law claims did not sufficiently hinge on the Carmack Amendment since the statute was not "a direct and essential element" of the state law claims. *Id.* at 644–646.

Defendants' attempt to distinguish the pending action from *Beers* and *Hunter* is inconsequential. Those cases certainly could be applicable and govern the outcome of the pending determination whether this court has subject matter jurisdiction based on the Carmack Amendment. The court declines to rely on that authority, however, not because the pending action is distinguishable, but because it does not represent the current governing view of the statute. In fact, within the same circuits as *Beers* and *Hunter,* respectively, latter panels of the circuit court have retreated from the views expressed in those opinions. *See Moffit v. Bekins Van Lines, Co.,* 6 F.3d 305 (5th Cir.1993) and *Hughes Aircraft Co. v. North American Van Lines, Inc.,* 970 F.2d 609 (9th Cir.1992). In recognizing that the principle purpose of the Carmack Amendment is to provide a uniform national liability policy for interstate carriers, courts have recognized that this goal can be accomplished only if the statute is given preemptive effect. *See Moffit,* 6 F.3d at 306–307; *Hughes Aircraft,* 970 F.2d at 613; *Rini v. United Van Lines, Inc.,* 104 F.3d 502 (1st Cir.1997)

(reviewing the history and purpose of the Carmack Amendment). *See also Construction Serv.,* Civil Action 98–N–0638–NE, Memorandum Of Opinion filed May 5, 1998 at 608 (survey of courts holding that Carmack Amendment preempts state law claims related to recovery for loss or damaged property against interstate carriers.) *Accord Polygram Group Distribution, Inc. v. Transus, Inc.,* 990 F.Supp. 1454 (N.D.Ga.1997) (declining to award attorneys available under state law because Carmack Amendment preempted state law remedies); *Fine Foliage of Florida, Inc. v. Bowman Transp., Inc.,* 698 F.Supp. 1566 (M.D.Fla.1988) (*same* ).

In the wake of the current emphasis on the importance of having national uniformity in assessing liability against interstate carriers for claims related to damages or loss to property, the court finds that plaintiff's claims in the pending action are preempted by the Carmack Amendment. Accordingly, this court has subject matter jurisdiction since resolution of the claims is governed by a federal statute.

## III.

For the foregoing reasons, it is hereby ORDERED that plaintiffs' motion to remand filed January 14, 1999 be and is DENIED. It is further ORDERED that plaintiff file an amended complaint asserting any and all applicable claims available under the Carmack Amendment of the Interstate Commerce Act, 49 U.S.C. § 14706, no later than September 3, 1999.