**FERROSTAAL, INC., Plaintiff,**

v.

**Don SEALE, Defendant.**

**No. 6:00CV212.**

United States District Court,
E.D. Texas,
Tyler Division.

March 12, 2001.

---

Kenneth G. Engerrand, Brown Sims PC, Houston, TX, for plaintiff.

Paul W. Nimmons, Jr., Attorney at Law, Houston, TX, for defendant.

## *ORDER ON SUMMARY JUDGMENT*

STEGER, District Judge.

On this day came for consideration the *Defendant Donald Seale's Motion for Summary Judgment* (Docket No. 28). After careful consideration, the Court is of the opinion that the following order should issue.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a rail shipment of steel billets intended to be shipped by Union Pacific Railroad Company (hereinafter "UP"), in June of 1997, from Texas to Pennsylvania. The shipment was never delivered, as it was unaccounted for in the UP shipping yard in Fort Worth, Texas. Eventually, in 1999, UP sold the billets by soliciting bids. One of UP's claims adjusters, Donald Seale (hereinafter "Defendant"), was responsible for selling the unidentified billets. The Plaintiff sued the Defendant for his actions, claiming that they constituted conversion.

Before the above-mentioned conversion lawsuit was filed, the Plaintiff initiated a similar lawsuit against UP on October 13, 1999, in the United States District Court for the Southern District of New York, alleging non-delivery of a shipment to be transported in interstate commerce. The Plaintiff indicated that it intended to amend its complaint to allege a conversion cause of action. UP objected to this based upon the fact that a conversion cause of action was preempted by federal law. The Plaintiff subsequently brought the instant suit against the Defendant in this case, Don Seale. This conversion case was brought against him individually, despite the fact that both parties seem to agree that he was an UP employee and that he was acting in the normal scope of his employment. The present conversion case alleges damages identical to the claim against UP in Southern District of New York.

On July 10, 2000, the United States District Court for the Southern District of New York issued an *Opinion and Order on Summary Judgment.* The Court found, *inter alia,* that the Plaintiff's suit against UP was time barred, and summarily dismissed the Plaintiff's claims. *See Ferrostaal, Inc. v. Union Pac. R.R. Co., ,* 109 F.Supp.2d 146 (S.D.N.Y.2000) (order granting summary judgment). Currently, the instant state-law claim for conversion is all that remains to be litigated between the parties.

*Preemption by the Carmack Amendment*

■ The Carmack Amendment to the Interstate Transportation Act allows shippers to recover for the actual loss or damage to their property caused by any of the interstate carriers involved in the shipment. 49 U.S.C. § 14706. The Supreme Court interpreted the Carmack Amendment broadly as occupying the entire interstate shipment field of commerce.

> [The Carmack Amendment] embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract. Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it.

*Adams Express Co. v. Croninger,* 226 U.S. 491, 505–06, 33 S.Ct. 148, 57 L.Ed. 314 (1913).

The Fifth Circuit relied on the reasoning of *Adams Express Co.* to conclude the Carmack Amendment preempts a shipper's state-law breach of contract and tort claims. *Air Prods. & Chems., Inc. v. Illinois Cent. Gulf R.R.,* 721 F.2d 483, 487 (5th Cir.1983), *cert. denied,* 469 U.S. 832, 105 S.Ct. 122, 83 L.Ed.2d 64 (1984)(holding that Congress intended by the Carmack Amendment to provide a uniform national remedy against carriers for breach of the contract of carriage, including liability for default in any common-law duty as a common carrier). Other circuits which have considered the issue have also held the Carmack Amendment preempts state-law claims against a common carrier. *See Duerrmeyer v. Alamo Moving and Storage,* 49 F.Supp.2d 934, 935–6 (W.D.Tex.1999).

In *Moffit v. Bekins Van Lines Co.,* 6 F.3d 305 (5th Cir.1993), the Fifth Circuit considered the extent to which the Carmack Amendment preempts state-law claims relating to a carrier's failure to perform its obligations under the shipping agreement. In *Moffit,* the plaintiff contracted with the defendant to move their household goods and furnishings from Texas to Colorado. *Id.* at 305. The plaintiffs wanted to be in their new home in time for the Christmas holidays; however, the goods were not shipped in time. The plaintiffs brought suit in Texas state court alleging the tort of outrage, intentional and negligent infliction of emotional distress, breach of contract, breach of implied warranty, breach of express warranty, violation of the Texas Deceptive Trade Practices Act, slander, misrepresentation, fraud, negligence and gross negligence and violation of a "carrier's statutory duties as a common carrier" causes of action. The defendant removed the case to federal court, contending a federal question existed because the Carmack Amendment controlled the parties' relationship and their rights in connection with the move of the goods. *Id.* On appeal, the plaintiffs asked the Fifth Circuit to hold the Carmack Amendment did not preempt their state-law tort and breach of contract causes of action. The Court declined, explaining:

> Such a holding could only lead to the morass that existed before the Carmack Amendment. Therefore, we find the district court correctly held that federal law, via the Carmack Amendment, preempts the Moffits' state law claims. To hold otherwise would only defeat the purpose of the statute, which was to create uniformity out of disparity.

*Id.* at 307.

The Court finds that the Carmack Amendment preempts the Plaintiff's state-law cause of action against Mr. Seale, despite the fact that the Plaintiffs sued him individually. Neither party to this suit has made any showing that the Defendant, Mr.

Seale, was acting outside the scope of his employment for UP. The Plaintiff should not be allowed to circumvent the Carmack Amendment by naming an individual employee as its chosen Defendant.

### Res Judicata

■ In July 2000, the District Court of the Southern District of New York granted summary judgment against the Plaintiff on his claims under the Carmack Amendment. The Defendant claims that the July 2000 judgment acts as a bar to the conversion claim against Mr. Seale.

The requirements for *res judicata* are as follows:

(1) that the prior judgment must have been rendered by a court of competent jurisdiction;

(2) that there must have been a final judgment on the merits;

(3) that the parties, or those in privity with them, must be identical in both suits; and

(4) that the same cause of action must be involved in both suits. *Wasoff v. American Automobile Ins. Co.,* 451 F.2d 767 (5th Cir.1971).

*Jones v. Texas Tech University,* 656 F.2d 1137, 1141 (5th Cir.1981).

If these elements are established, then the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit, not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented. *Id.*

It is undisputed that a final judgment on the merits was entered by a court of competent jurisdiction in the first case that the Plaintiff filed in New York. The Defendant in the New York case is the employer of the Defendant in this case. Both causes of action clearly relate to the actions that were taken by the Defendant in this case, which were under the normal scope of his employment with the Defendant in the New York case. The Plaintiff's first lawsuit was for the non-delivery of steel billets under the Carmack Amendment. As this Court held in its *Order on Remand,* the Plaintiff's second lawsuit for state-law conversion is preempted by the Carmack Amendment. Because the United States District Court for the Southern District of New York has previously held that the Plaintiff's cause of action under the Carmack Amendment was time barred, it is quite clear that this Court should no longer entertain the Plaintiff's claim here in the Eastern District of Texas.

### CONCLUSION

The Court finds that the Carmack Amendment preempts the Plaintiff's state-law cause of action against Mr. Seale, despite the fact that the Plaintiffs sued him individually. Neither party to this suit has made any showing that the Defendant, Mr. Seale, was acting outside the scope of his employment for UP. The Plaintiff should not be allowed to circumvent the Carmack Amendment by naming an individual employee as its chosen Defendant. If the Court were to adopt the Plaintiff's reasoning, then plaintiffs across the board could subvert the Carmack Amendment by suing the individual employees of common carriers that were responsible for shipments being late or exposed to weather conditions—even though they were acting in the normal scope of their employment. This Court will not attempt to erode the preemptive jurisdiction that has been delineated by the Supreme Court and the Fifth Circuit.

. The Court finds that the Plaintiff's remaining cause of action under the Carmack Amendment should be dismissed un-

der the principles of *res judicata.* The United States District Court of the Southern District of New York has previously held that the Plaintiff's claims under the Carmack Amendment are time barred. *See Ferrostaal, Inc. v. Union Pac. R.R. Co.,* 109 F.Supp.2d 146 (S.D.N.Y.2000) (order granting summary judgment). Accordingly, the Defendant's *Motion for Summary Judgment* should be granted.

It is therefore **ORDERED** that the *Defendant Donald Seale's Motion for Summary Judgment* (Docket No. 28) is hereby **GRANTED.** It is further

**ORDERED** that this action be **DISMISSED** as to all the Plaintiff's claims.

It is further **ORDERED** that all other motions currently pending in this case are hereby **DENIED AS MOOT.**

It is further **ORDERED** that all relief not expressly granted is **DENIED.** It is further **ORDERED** that each party shall bear its own costs and fees. It is further **ORDERED** that this case is **CLOSED.**