IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 01-40422
Summary Calendar

———————————

FERROSTAAL INC.,

       Plaintiff-Appellant,

                      versus

DONALD SEALE,

       Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-212

———————————

September 6, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Ferrostaal Inc. appeals from the grant of summary judgment in favor of the defendant, Donald Seale, on Ferrostaal's claim for common-law conversion.  It argues that the district court erred in finding there was no genuine issue of material fact as to whether its claim against Seale in his individual capacity was preempted by the Carmack Amendment to the Interstate Commerce Act.[1]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]  49 U.S.C. § 14706 *et seq.*

We review a grant of summary judgment de novo, applying the same standard as the district court.[2]  We may affirm a summary judgment on any ground raised by the movant below and supported by the record, even if it is not the ground relied on by the district court.[3]

Ferrostaal's claim arises from a shipment of steel bars transported in June 1997 from Texas by rail by Union Pacific Railroad Company with an intended destination in Pennsylvania.  Due to an administrative error, the steel never left the yard after it arrived in Fort Worth.  Fourteen months later, in December 1998, Union Pacific found the steel in a car in the Fort Worth yard and did not identify it as belonging to Ferrostaal.  Union Pacific told its employee, Seale, to solicit bids on the steel, which Seale did.  Union Pacific accepted one of the bids and sold the steel in January 1999, retaining the proceeds.  Following an unsuccessful Carmack Amendment claim against Union Pacific filed in New York federal district court, Ferrostaal pursues this state law tort action against Seale individually for his actions in soliciting bids on and selling the steel.

It is clear under Fifth Circuit precedent that an intentional tort claim, including a state law conversion action, against Union

---

[2]  *Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 257 (5th Cir. 2001).

[3]  *Id.* at 257-58.

Pacific would be preempted by the Carmack Amendment.[4]  The injuries alleged from the conversion claim result directly from the loss of the shipped property.[5]

Ferrostaal's arguments in support of its claim that the Carmack Amendment would not apply to a conversion action against Union Pacific are without merit.  Ferrostaal is incorrect when it claims that the district judge in its Southern District of New York case against Union Pacific held that the Carmack Amendment did not apply to Ferrostaal's claims against Union Pacific.[6]  Judge Schwartz held that the parties opted out of the Carmack Amendment's two-year statute of limitations through a one-year limitation period provision in the UP Exempt Circular, which the parties contracted to have control the shipping of the steel.[7]  This does not amount to a holding that the Carmack Amendment does not govern Union Pacific's liability for the loss of Ferrostaal's property

---

[4]  *See Moffit v. Bekan Van Lines Co.*, 6 F.3d 305, 306-07 (5th Cir. 1993) (preemption of Texas state law claims of, *inter alia*, intentional infliction of emotional distress, violation of the DTPA, slander, misrepresentation, fraud, and gross negligence); *see also Chemsource, Inc. v. Hub Group, Inc.*, 106 F.3d 1358, 1362 (7th Cir. 1997) ("The Carmack Amendment preempts a state law conversion claim against a carrier or freight forwarder for loss or damage to interstate shipments.").

[5]  *See Morris v. Covan Worldwide Moving, Inc.*, 144 F.3d 377, 382-83 (5th Cir. 1998).

[6]  *See Ferrostaal, Inc. v. Union Pac. R.R. Co.*, 109 F. Supp. 2d 146 (S.D.N.Y. 2000).

[7]  *Id.* at 149-50.

shipped in interstate commerce as a common carrier under a receipt or bill of lading.  Furthermore, although the steel never left Texas in the course of Union Pacific's handling of the shipment, the transportation of the shipment was in interstate commerce because it is undisputed that Ferrostaal intended for the steel to travel in interstate commerce at the time of the shipment.[8]

The uncontradicted evidence on summary judgment shows that Seale was an employee of Union Pacific acting within the scope of his employment and pursuant to orders from his employer when he solicited bids on Ferrostaal's steel.  Ferrostaal does not allege that Seale appropriated the steel for his own use or gain, but rather that Union Pacific retained the proceeds of the sale of the steel.[9]  Even if there was some doubt as to whether the Carmack Amendment would limit Union Pacific's damages for its conversion of Ferrostaal's steel, an action arising from the loss of property shipped in interstate commerce by a common carrier subject to the Carmack Amendment lies only against the common carrier itself.[10] A conversion action against the common carrier's employee,

---

[8] *See Merchants Fast Motor Lines, Inc. v. Interstate Commerce Comm'n*, 5 F.3d 911, 917 (5th Cir. 1993).

[9] *Cf. Kemper Ins. Cos. v. Fed. Express Corp.*, 252 F.3d 509, 515 (1st Cir. 2001) (conversion exception to Carmack Amendment's released value doctrine does not apply in the case of employee theft or where a common carrier has not appropriated the property for its own use or gain).

[10] *See Arnold J. Rodin, Inc. v. Atchison, Topeka & Santa Fe Ry. Co.*, 477 F.2d 682, 688 (5th Cir. 1973).

nominally in his individual capacity, is simply an attempted end-run around the time bar on Ferrostaal's Carmack Amendment action against Union Pacific.  We hold that, just as a state law tort action naming Union Pacific as defendant would be preempted by the Carmack Amendment, so, too, is Ferrostaal's conversion action against Union Pacific's employee Seale preempted by the Amendment.[11]

We therefore conclude that the district court did not err in granting summary judgment to Seale on Ferrostaal's state law conversion claim.  There is no genuine issue of material fact as to whether this claim is preempted by the Carmack Amendment.

AFFIRMED.

---

[11]  *See Moffit*, 6 F.3d at 307 (state law claims preempted in furtherance of Carmack Amendment's goal of providing uniform, national law as to the rights and liabilities of interstate common carriers).