836 F.2d 910
 Captain Everette T. BEERS, Et Ux Ann Wynne Beers,
Plaintiffs-Appellees, Cross-Appellants,
v.
NORTH AMERICAN VAN LINES, INC., (a/k/a North American
Forwarding, Inc.), Defendants-Appellants, Cross-Appellees.
 No. 86-4641.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 3, 1988.
 
 Lawrence J. Franck, John A. Crawford, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for defendants-appellants, cross-appellees.
 Aaron S. Condon, School of Law, University, Miss., David Reynolds, Jackson, Miss., for plaintiffs-appellees, cross-appellants.
 Appeals from the United States District Court for the Southern District of Mississippi.
 Before REAVLEY, POLITZ and JONES, Circuit Judges.
 POLITZ, Circuit Judge:
 
 
 1
 North American Van Lines, Inc. and North American Forwarding, Inc. (North American) challenge a jury verdict in favor of Captain Everette T. Beers and his wife Ann Wynne Beers, awarding punitive damages in a property insurance dispute. We do not reach the merits of this appeal for we must first address, sua sponte, the threshold issue of federal jurisdiction. Finding no basis for federal jurisdiction we conclude that removal was improper. Lacking subject-matter jurisdiction, we must vacate the judgment and return the case to the district court with instructions to remand to state court.
 
 Background
 
 2
 In early 1982 Captain Beers reenlisted in the Army and was ordered to report to Aberdeen Proving Ground, Maryland. The military provided the traditional moving services, contracting with North American Van Lines to transport the Beers belongings from Jackson, Mississippi to Maryland.
 
 
 3
 A United States government bill of lading (GBL) was issued to Cornett Van & Storage, Inc., North American's origination agent in Mississippi. Under the Interstate Commerce Act, North American had on file a military rate tender limiting its liability to 60 cents per pound of goods shipped. The tender provided that property of military personnel was to be shipped under a GBL and that the 60-cent limit would apply unless otherwise specifically noted thereon.
 
 
 4
 In order to obtain more substantial protection, the Beers contacted a principal of Cornett who advised that for payment of an additional sum, North American would contract to pay full replacement value for any item damaged or lost during the move. Captain and Mrs. Beers opted to purchase replacement cost protection (RCP) in the amount of $3.00 per pound shipped, with maximum liability of three times the total weight shipped.
 
 
 5
 After the Beers's belongings were packed and loaded, Cornett issued a uniform commercial household goods bill of lading and freight bill form (CBL), which reflected the terms of the GBL, including the 60-cent limit. Mrs. Beers noticed that the CBL did not reflect the $3.00 RCP protection. She protested and wrote "$3.00 RCP" on the document before signing and returning. A North American representative also signed the CBL. The evidence is conflicting whether either Beers was told of the need to amend the GBL, but it is clear that the government did not issue a correction or amendment reflecting RCP protection. Accordingly, although the Beerses paid $476.26 for the additional coverage and noted it on the CBL, no change was made on the fixed 60-cent GBL limitation.
 
 
 6
 The goods apparently reached Maryland intact but numerous items were lost or damaged while in storage with North American's destination agent. The loss was reported to the government and claims were filed with North American and the Maryland storage company. North American denied coverage, claiming that the 60-cent limitation had not been waived because the GBL had not been amended. It then sought to return the $476.26 as erroneously collected.
 
 
 7
 The Beerses brought suit in Mississippi state court against North American and Cornett. North American removed the suit to federal court, contending that the action arose under the Interstate Commerce Act and that jurisdiction therefore existed under 28 U.S.C. Sec. 1337. The Beerses initially filed a motion to remand, but later withdrew it in return for an expedited trial before a federal magistrate. During the trial, North American vigorously contended that the state law claims were preempted by the Interstate Commerce Act. The case was sent to the jury which awarded no actual damages but imposed $350,000 in punitive damages. North American appeals.
 
 Analysis
 
 8
 Although neither the trial court nor any party has questioned federal jurisdiction, we are obliged to do so sua sponte. King Iron Bridge & Mfg. Co. v. Otoe County, 120 U.S. 225, 7 S.Ct. 552, 30 L.Ed. 623 (1887); Feigler v. Tidex, Inc., 826 F.2d 1435 (5th Cir.1987); Save The Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir.1981). The parties cannot create federal subject matter jurisdiction either by agreement or consent.
 
 
 9
 The original complaint was filed in Mississippi circuit court in Hinds County, Mississippi. It was based entirely on state law, alleging a contract of insurance with North American governed by Mississippi law. The complaint alleged five claims: tortious loss of goods, tortious breach of the insurance contract, breach of fiduciary duties, fraud in the inducement to contract, and negligent and intentional infliction of emotional distress. Punitive damages were sought. No federal law was implicated.
 
 
 10
 Notwithstanding the nature of the complaint, North American sought removal, claiming interstate commerce involvement. This removal was improvident. To warrant removal of an action from state to federal court on the ground of the existence of a federal question, under the well-pleaded complaint rule a controversy involving a federal question must be disclosed on the face of the complaint. Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Oliver v. Trunkline Gas Co., 789 F.2d 341 (5th Cir.1986). The rubric is firmly established. Caterpillar, Inc. v. Williams, 482 U.S. ----, ----, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318, 327 (1987); Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); Powers v. South Central United Food & Comm. Workers Unions, 719 F.2d 760 (5th Cir.1983).[1]
 
 
 11
 It cannot be gainsaid that a serious question of federal law is involved in this dispute. North American argued strenuously that the Carmack Amendment to the Interstate Commerce Act preempts the Beers's claims. Perhaps this question may be dispositive of the dispute; but the mere implication of federal law does not automatically confer federal-question jurisdiction. Oliver v. Trunkline Gas Co. Of particular relevance, the assertion of a defense of federal preemption of state law is insufficient to invoke federal-question jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. at ----, 107 S.Ct. at 2429, 96 L.Ed.2d at 327; Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420, 433 (1983) ("[S]ince 1887, it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."); Powers, 719 F.2d at 764.
 
 
 12
 It is axiomatic that a plaintiff may not defeat removal by fraudulent means or by "artfully" omitting reference to essential federal questions. Eitmann v. New Orleans Public Service, Inc., 730 F.2d at 365.[2] There is no suggestion, however, of fraudulent means or artful pleadings in the case before us today. The Beerses pled a straight state law insurance contract claim. North American defended with a claim of federal law preemption. Neither the complaint nor the defense confers federal question jurisdiction.[3]
 
 
 13
 To complete our jurisdictional analysis, we briefly note that there is no diversity jurisdiction under 28 U.S.C. Sec. 1332. Although on military assignment and currently residing in Maryland, the Beerses have not manifested an intent to abandon Mississippi as their domicile. They continue to be citizens of Mississippi for purposes of diversity jurisdiction. Stifel v. Hopkins, 477 F.2d 1116 (6th Cir.1973); Krasnov v. Dinan, 465 F.2d 1298 (3d Cir.1972). Cornett, a Mississippi corporation, is a named defendant. The required complete diversity between opposing parties is not present. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).
 
 
 14
 Federal courts are courts of limited jurisdiction by origin and continuing congressional design. The rules of jurisdiction, which occasionally may appear technical and counterintuitive, are to be ungrudgingly obeyed. Not unmindful of the delay and expense already incurred in this proceeding, and prepared to put the matter to rest were it in our power to do so, we nevertheless must recognize and honor our jurisdictional limitations.
 
 
 15
 The judgment appealed is VACATED and the matter is returned to the district court with instructions to remand the proceedings forthwith to state court.
 
 
 
 [1]
 While most of the cases defining the well-pleaded complaint rule have dealt with the "arising under" requirement of 28 U.S.C. Sec. 1331 (the grant of general federal question jurisdiction), the "arising under" requirement of 28 U.S.C. Sec. 1337 has been interpreted to be the same as that found in Sec. 1331. See, e.g., Eitmann v. New Orleans Public Service, Inc., 730 F.2d 359, 365 n. 9 (5th Cir.), cert. denied, 469 U.S. 1018, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984)
 
 
 [2]
 Because the uniquely powerful preemptive effect of Sec. 301 of the LMRA raises the spectre of "artful pleading" in labor dispute cases, the Eitmann court felt compelled to focus on the substance rather than the form of the complaint. Eitmann, 730 F.2d at 366. However, the court expressly limited this exception to the Sec. 301 context. See, infra n. 3
 
 
 [3]
 The Eitmann case followed Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), in which the Supreme Court created an exception to the well-pleaded complaint rule based on the complete preemptive effect of Sec. 301 of the LMRA. More recently, the Court, while extending Avco to ERISA cases, emphasized the limited nature of this exception. In Metropolitan Life Ins. Co. v. Taylor, 481 U.S. ----, ----, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55, 65 (1987), the Court cautioned: "[E]ven an 'obvious' pre-emption defense does not, in most cases, create removal jurisdiction." Further, the Court required a clearly manifested congressional intent to make state claims removable to federal court. Taylor, at ---- - ----, 107 S.Ct. at 1547-48, 95 L.Ed.2d at 64-65
 The Beers's claim does not fall within the narrow exception of Avco and its progeny. We find no manifest congressional intent, of the type contemplated in Taylor, to make this state claim removable to federal court. See Taylor, at ----, 107 S.Ct. at 1548, 95 L.Ed.2d at 65 (Brennan, J. concurring) (exception to well-pleaded complaint rule is very narrow).