**Troydale CARRAWAY and Katherine Lynn Carraway, Plaintiffs,**

v.

**MAYFLOWER TRANSIT, INC., Mayflower International Forwarding, Inc., and Patterson Storage Warehouse Company, Inc., Defendants and Third–Party Plaintiffs,**

v.

**USAA Casualty Insurance Company, Third-party Defendants.**

No. 4:98–CV–90–H (3).

United States District Court, E.D. North Carolina, Eastern Division.

Aug. 28, 1998.

---

J. Jefferson Newton, Newton & Jones, Beaufort, NC, J. Kevin Jones, Beaufort, NC, for Troydale Carraway, Katherine Lynn Carraway.

George R. Ragsdale, Ragsdale, Liggett & Foley, Raleigh, NC, Jay P. Tobin, Young, Moore & Henderson, Raleigh, NC, for Mayflower Transit, Inc., Mayflower International Forwarding, Inc., Patterson Storage Warehouse Co., Inc.

Thomas H. Morris, Kinston, NC, for USAA Casualty Insurance Company.

## ORDER

MALCOLM J. HOWARD, District Judge.

Plaintiffs initially filed this action against Mayflower Transit, Inc. ("Mayflower"), Mayflower International Forwarding, Inc., and Patterson Storage Warehouse Company, Inc. in the Superior Court of Carteret County, North Carolina. Plaintiffs alleged in their complaint that through defendants' negligence, plaintiffs' personal property was damaged by fire and smoke. Maintaining that plaintiffs' complaint established a *prima facie* claim under 49 U.S.C. § 14706 (the "Carmack Amendment"), Mayflower removed the case to this court. Plaintiff then filed a motion to remand the action to state court, to which defendant Mayflower responded. These matters are ripe for ruling.

## COURT'S DISCUSSION

The issue raised by Mayflower's removal of this action to federal court and plaintiffs' ensuing motion to remand is whether plaintiffs' complaint establishes a *prima facie* case under the Carmack Amendment, thereby providing a basis for removal jurisdiction. Plaintiffs argue that their complaint raises no federal question, defendant Mayflower argues that it does.

■ At the outset, the court notes that removal jurisdiction only exists if the district court would have had original jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). The parties here lack diversity, so removal jurisdiction may only exist by virtue of federal question jurisdiction. Federal question jurisdiction exists where the plaintiff's claim arises under the United States Constitution or other federal law. *See* 28 U.S.C. § 1331. Furthermore, pursuant to the generally applicable well-pleaded complaint rule, federal question jurisdiction must be apparent from the face of the complaint. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Thus, federal issues raised as defenses normally cannot furnish a basis for removal jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The central issue the court must address is whether plaintiffs' complaint establishes a prima facie claim under the Carmack Amendment.

### I. The Carmack Amendment

■ The Fourth Circuit recounted the history and purpose of the Carmack Amendment in *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700 (4th. Cir.1993) as follows:

> The Carmack Amendment was enacted in 1906 as an amendment to the Interstate Commerce Act of 1887 and addresses the liability of common carriers for goods lost or damaged during a shipment over which the Interstate Commerce Commission has jurisdiction. The Amendment requires that a carrier transporting property issue a bill of lading or a receipt to the shipper

and makes the carrier liable to the one entitled to recover under the bill of lading for loss of or injury to the property. The United States Supreme Court has long interpreted the Carmack Amendment as manifesting Congress' intent to create a national scheme of carrier liability for goods damaged or lost during interstate shipment under a valid bill of lading.

*Id.* at 704.

■ Mayflower correctly argues that if a *prima facie* Carmack claim can be made out from plaintiffs' complaint then 28 U.S.C. § 1445(b) provides the authority to remove the case to this court. 28 U.S.C. § 1445(b) states in relevant part that:

A civil action in any State court against a common carrier or its receivers or trustees to recover damages for delay, loss, or injury of shipment, arising under section 11706 or 14706 of title 49 may not be removed to any district court of the United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs.

Plaintiffs argue that this section alone does not provide a right of removal. However, § 1445(b) coupled with 28 U.S.C. § 1331 and Supreme Court Case law relating to federal jurisdiction in *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55, and *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420, establishes Mayflower's removal right.

Accordingly, in order for this court to have subject matter jurisdiction over this case, Mayflower must establish that plaintiffs plead a *prima facie* Carmack claim creating a federal question and that the requirements of 28 U.S.C. § 1445(b) have been met.

## II. *Prima Facie* Case Under the Carmack Amendment

■ In order to establish a prima facie case under the Carmack Amendment the shipper must establish "delivery in good condition, arrival in damaged condition, and the amount of damages." *Missouri Pacific R.R. Co. v. Elmore & Stahl,* 377 U.S. 134, 138, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964). Plaintiffs' complaint alleges that Mayflower "received

and accepted possession and control of the plaintiffs' personal property" for transportation (Complaint, ¶ 6–7), and that the plaintiffs' personal property failed to arrive when Mayflower "negligently caused the loss of or damage to plaintiffs' personal property, in an amount in excess of ten thousand dollars ($10,000)" (Complaint, ¶ 9).

In order for the transaction to be subject to the Carmack Amendment, Mayflower must have issued a valid bill of lading. While plaintiffs did not allege in their complaint that the move was conducted under an interstate bill of lading, plaintiffs raised no objection in response to Mayflower's assertion that the move was carried out in this manner. This court believes that Plaintiffs' complaint sufficiently pleads a bill of lading. The complaint refers to the goods being "received and accepted" (Complaint, ¶ 6), "personal property entrusted to defendant" (Complaint, ¶ 8), "plaintiffs' delivery of their personal property to defendant" (Complaint, ¶ 9), "breach [of] a bailment" (Complaint ¶ 9), "breach of contract" (Complaint, ¶ 9) and "failure . . . to deliver [entrusted property of plaintiffs]" (Complaint, ¶ 9). Plaintiffs references to the transaction in these terms indicates that a bill of lading was involved. Additionally, Mayflower's answer included as an exhibit a copy of the bill of lading signed by plaintiffs.

Therefore, plaintiffs' complaint meets all required elements establishing Mayflower's right to remove this case to federal court. Plaintiffs have alleged damage in excess of $10,000, the move was conducted under an interstate bill of lading, the goods were received by the carrier in good condition, and the goods were never delivered because of damage allegedly negligently caused by the carrier.

Plaintiffs rely on *Beers v. North American Van Lines, Inc.,* 836 F.2d 910 (5th Cir.1988), as controlling in this case. Captain Beers brought an action against North American Van Lines ("North American") asserting state law claims similar to plaintiffs'. North American removed the case to federal court under a preemption theory of federal jurisdiction. After a jury verdict of $350,000 in favor of Beers, the Fifth Circuit, *sua sponte,*

held that the court had no subject matter jurisdiction based on North American's defense of preemption, vacated the judgment and remanded the case to state court. While the facts of *Beers* are very similar to this case, the legal theory advanced by Mayflower is not. Mayflower bases its removal upon 28 U.S.C. § 1441(a) and 28 U.S.C. § 1445(b), not upon the theory that the Carmack Amendment preempts plaintiffs' state law claims.

As Mayflower has established that plaintiffs' complaint states a prima facie case under the Carmack Amendment, the Court DENIES plaintiffs' motion to remand.

## CONCLUSION

For the above stated reasons, this court DENIES plaintiffs' motion to REMAND this case to the Superior Court of Carteret County.