### Melissa Shipe BROWN

v.

### WASHINGTON/BALTIMORE CELLULAR, INC., et al.

### Majid Matinrazm, et al.

v.

### Washington/Baltimore Cellular Limited Partnership, et al.

### Nos. CIV. A. DKC 99–3357, 99–3786.

United States District Court,
D. Maryland,
Southern Division.

July 20, 2000.

John Joseph Beins, Gaviett & Datt, Rockville, Seth D. Goldberg, Seth D. Goldberg, PC, Washington, DC, for Majid Matinrazm, Mojgan Thelen, Individually and on behalf of all others similarly situated, plaintiffs.

George D. Ruttinger, Crowell and Moring, Kent A. Gardiner, Crowell & Moring, LLP, Washington, DC, for Washington/Baltimore Cellular Limited Partnership dba Cellular One Washington/Baltimore,, aka The Cellular One Group ta Cellular One, Washington/Baltimore Cellular, Inc., defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Plaintiffs, wireless telephone subscribers, bring these two class actions against Defendants Washington/Baltimore Cellular, Inc., Washington/Baltimore Cellular Limited Partnership, and Southwestern Bell Mobile Systems, Inc. (collectively known as "Cellular One") to recover allegedly unlawful late fee charges. Plaintiffs seek damages pursuant to *United Cable Television v. Burch*, 354 Md. 658, 732 A.2d 887 (1999), in which the Maryland Court of Appeals held that the legal rate of interest is six percent unless otherwise provided by the General Assembly. *Id.* at 683, 732 A.2d 887. *But see* MD. CODE ANN., COM. LAW II § 14–1315(f) (enacted April 25, 2000) (allowing late fees of either (1) 1.5% per month of the amount due; or (2) $5 or 10% per month of the amount due, whichever is greater, for a maximum of three months). Plaintiffs originally filed these suits in Circuit Court for Charles County (Brown) and Circuit Court for Montgomery County (Matinrazm). Defendants removed the cases to this court pursuant to 28 U.S.C. § 1331, and Plaintiffs now move to remand to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Because the two cases present identical issues of law, the court will address both in this memorandum opinion. The issues are fully briefed, and the court now rules pursuant to Local Rule 105.6. For the reasons stated more fully below, the court will GRANT the motions to remand.

According to Defendants' notices of removal, this court has jurisdiction over these cases pursuant to 28 U.S.C. § 1331, which provides original jurisdiction in federal courts for all civil actions arising under federal law. Although Plaintiffs' com-

plaints set forth causes of action under state consumer protection laws, state common law, and the state constitution, Defendants argue that the Federal Communications Act of 1934 [*] completely preempts their claims.

[■] Federal question jurisdiction is ordinarily determined by the well-pleaded complaint rule, which provides that the federal question must be "presented on the face of the plaintiff's properly pleaded complaint" to establish jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). One narrow exception to this rule is the doctrine of complete preemption. The preemptive effect of a federal statute may be so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *see Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425 (the complete preemption corollary "is applied primarily in cases raising claims preempted by § 301 of the LMRA").

[■] Section 332 of the Telecommunications Act provides that "No State or local Government shall have authority to regulate the entry of or the rates charged by any commercial mobile service or any private mobile service, except that this paragraph shall not prohibit a State from regulating the other terms and conditions of commercial mobile services." 47 U.S.C. § 332(c)(3)(A). In these two cases, Plaintiffs challenge the validity of certain late fee charges assessed on their cellular phone accounts. Therefore, the question facing the court is whether late fees constitute "rates charged" or "other terms and conditions" of wireless telephone service. While Congress may have completely preempted claims relating to rates, it has left regulation of other terms and conditions to the states. This distinction has guided other federal courts in deciding whether to remand telecommunications cases to the state courts. *Compare Sanderson, Thompson, Ratledge & Zimny v. AWACS, Inc.*, 958 F.Supp. 947 (D.Del. 1997) (remanding claim of failure to disclose practice of charging from initiation of call); *Esquivel v. Southwestern Bell Mobile Sys., Inc.*, 920 F.Supp. 713 (S.D.Tex. 1996) (remanding claim of unlawful liquidated damages provision); *American Inmate Phone Sys., Inc. v. U.S. Sprint Communications Co.*, 787 F.Supp. 852 (N.D.Ill. 1992) (remanding claim for failing to waive phone card surcharges as verbally promised) *with In re Comcast Cellular Telecomm. Litig.*, 949 F.Supp. 1193 (E.D.Pa. 1996) (denying motion to remand claims of "rounding up" minutes charged); *Mellman v. Sprint Communications Co.*, 975 F.Supp. 1458 (N.D.Fla.1996) (denying motion to remand claims that telephone company discontinued special international rate after inducing customer to choose company as carrier).

The court finds that late fees are not included in "rates" of service, but rather are part of the "other terms and conditions" of service. While rates of service reflect a charge for the use of cellular phones, late fees are a penalty for failing to submit timely payment.[1] Defendants argue that late fee charges are completely preempted because a reduction in late fee charges will result in an increase in rates. However, any legal claim that results in an increased obligation for Defendants could theoretically increase rates. For example, a claim of false advertising could lead to an increased obligation to notify customers of charges, which could in turn lead to an increase in rates. Congress did not preempt all claims that would influence rates, but only those that involve the reasonableness or lawfulness of the rates themselves.

---

1. According to the *Burch* court, late fees are a form of liquidated damages for failure to pay bills on time. 354 Md. at 674, 732 A.2d 887.

For the foregoing reasons, the court will grant the motions to remand to Circuit Court.[2] A separate Order will be entered for each case.

**2.** Plaintiffs in the *Matinrazm* case also request that the court award costs and attorneys fees. Given the unsettled nature of the law relating to this Order and the lack of evidence of bad faith on the part of Defendants, the court will DENY this aspect of the motion. *See In re* *Lowe*, 102 F.3d 731, 733 n. 2 (4th Cir.1996); 28 U.S.C. § 1447(c) ("An order remanding the case *may* require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal.") (emphasis added).