CRAWLEY, Judge.
In August 1999, Sidney McLean sued Wheaton Van Lines, an interstate common carrier, alleging breach of contract, bad faith, and the tort of outrage. Wheaton moved for a summary judgment, asserting that McLean’s claims were preempted by 49 U.S.C. § 14706, the Carmack Amendment to the Interstate Commerce Act, and barred by the time-to-sue limitation specified in the bill of lading — the contract signed by the parties. The trial court entered a summary judgment for Whea-ton; McLean appealed to the Alabama Supreme Court. The supreme court transferred the case to this court, pursuant to § 12-2-7(6), Ala.Code 1975. We affirm.
*675 In January 1995, McLean hired Whea-ton, a moving company with a place of business located in Birmingham, Alabama, to pack and ship his household goods from his former residence in Pennsylvania to his new residence in New Mexico. Wheaton informed McLean that the applicable tariff for packing, carriage, and shipment of his property was $5,428.10. McLean paid an additional $240 for “replacement value protection” of his property, a charge that Wheaton listed under the “Remarks” section of its estimate as
“Insurance: Full Replacement — $30,000 valuation @ $8/1000 = $240.”
After the property was delivered, McLean discovered that some of his furniture and household goods had been damaged. McLean obtained two estimates for the repair of his property, informed Wheaton that each of the repair estimates was approximately $1,800, and made a claim for that amount. Wheaton obtained its own estimates and concluded that the damaged items could be repaired for $780. On November 30, 1995, Wheaton notified McLean that it would not pay his claim as submitted and offered to have McLean’s property repaired according to its own estimate. McLean refused to accept the offer and sued on August 19, 1999, three years and nine months after Wheaton had denied his claim.
Section 6 of the bill of lading states:
“As a condition precedent to recovery, a claim for any loss or damage, injury or delay must be filed in writing with carrier within nine (9) months after delivery to consignee as shown on face hereof, or in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed; and suit must be instituted against carrier within two (2) years and one (1) day from the date when notice in writing is given by carrier to the claimant that carrier has disallowed the claim or any part or parts thereof specified in the notice. Where a claim is not filed or suit is not instituted thereon in accordance with the foregoing provisions, carrier shall not be hable and such a claim will not be paid.”
(Emphasis added.)
The pertinent facts in this case are undisputed. Therefore, we review the circuit court’s application of the law to the facts to determine whether Wheaton was entitled to a judgment as a matter of law. See Carpenter v. Davis, 688 So.2d 256, 258 (Ala.1997). No presumption of correctness attaches to the decision of a trial court on a summary-judgment motion, and our review is de novo. See Gossett v. Twin County Cable T.V., Inc., 594 So.2d 635 (Ala.1992).
McLean’s complaint alleged three claims under state law — breach of contract, bad faith, and the tort of outrage. It did not directly allege any claim under federal law. Wheaton raised as a defense to McLean’s state-law claims that they were preempted by federal law, specifically by 49 U.S.C. § 14706, often referred to as the Carmack Amendment. The Carmack Amendment was passed in 1906 as an amendment to the Interstate Commerce Act of 1887.[1] See Shao v. Link Cargo (Taiwan) Ltd., 986 F.2d 700, 703 (4th Cir.1993). Its purpose was to establish uniform national guidelines for interstate carriers’ liability and to avoid the uncertainty that had previously resulted from a multiplicity of state stan *676 dards. See e.g., Adams Express Co. v. Croninger, 226 U.S. 491, 506, 33 S.Ct. 148, 57 L.Ed. 314 (1913); Rini v. United Van Lines, Inc., 104 F.3d 502, 504 (1st Cir.), cert. denied, 522 U.S. 809, 118 S.Ct. 51, 139 L.Ed.2d 16 (1997); Howe v. Allied Van Lines, Inc., 622 F.2d 1147, 1156-57 (3d Cir.1980); Bear MGC Cutlery Co., Inc. v. Estes Express Lines, Inc., 132 F.Supp.2d 937, 942 (N.D.Ala.2001).
The Carmack Amendment addresses the subject of carrier liability for goods lost or damaged during shipment and provides shippers like McLean with the statutory right to recover for the actual loss or injury to their property caused by any of the carriers involved in the shipment. See 49 U.S.C. § 14706(a)(1). It requires a carrier to issue a bill of lading for property it receives for transportation, id., and prohibits a carrier from establishing, in the bill of lading or otherwise, “a period of less than 9 months for filing a claim against it under this section and a period of less than 2 years for bringing a civil action against it under this section.” 49 U.S.C. § 14706(e)(1). “The period for bringing a civil action is computed from the date the carrier gives a person written notice that the carrier has disallowed any part of the claim specified in the notice.” Id.
The statute provides that the state and federal courts have concurrent jurisdiction of liability suits against interstate carriers for lost or damaged goods. See 49 U.S.C. § 14706(d)(3); Bear MGC Cutlery, 132 F.Supp.2d at 943, 947. However, by virtue of 28 U.S.C. § 1337(a) and 28 U.S.C. § 1445(b), the state courts have, in effect, exclusive jurisdiction over some Carmack Amendment claims.[2] A state court adjudicating a Carmack Amendment claim must apply federal law. See Bear MGC Cutlery, 132 F.Supp.2d at 943; Lamm v. Bekins Van Lines Co., 139 F.Supp.2d 1300, 1313 (M.D.Ala.2001).
In the present case, McLean did not directly allege a Carmack Amendment claim. He argues that the trial court erred by determining that his state law breach-of-contract claim was barred by the two-year-and-one-day limitations period for filing suit that appears in the bill of lading. He maintains that the “replacement value protection” for which he bargained with Wheaton was an “insurance contract” subject to the six-year statute of limitations found at § 6-2-34(4), Ala.Code 1975.[3] Wheaton contends that McLean has no state-law claims, including a breach-of-insurance-contract claim, because, it says, those claims are preempted by the Carmack Amendment. Citing West Brothers, Inc. v. Resource Management Service, Inc., 283 Ala. 78, 214 So.2d 431 (1968), and Hughes v. United Van Lines, Inc., 829 F.2d 1407 (7th Cir.1987), cert. denied, 485 U.S. 913, 108 S.Ct. 1068, 99 L.Ed.2d 248 (1988), Wheaton insists that the Carmack Amendment provides the exclusive remedy of an interstate shipper against a carrier for damages to goods. In West Brothers, the shipper sued the carri *677 er in state court, seeking damages for the carrier’s delay in transporting a quantity of seed. The opinion does not recite the shipper’s specific claims; it merely states that there were six counts in the complaint: four “ex delicto” and two “ex con-tractu.” Without specifying the nature of either the tort claims or the contract claims, the Alabama Supreme Court resolved all issues by applying the Carmack Amendment, stating that the amendment “pre-empts the field and supercedes all state common law rights arising from a breach of a bill of lading contract for the interstate carriage of goods.” 283 Ala. at 82, 214 So.2d at 433.
In Hughes, the shippers filed in the federal court a Carmack Amendment claim and several state-law claims, including negligence, breach of insurance contract, breach of contract of carriage, conversion, intentional misrepresentation, negligent misrepresentation, and negligent infliction of emotional distress. 829 F.2d at 1411 n. 5. The United States Court of Appeals for the Seventh Circuit held that all the state-law claims were preempted by the Carmack Amendment. Countering with Beers v. North American Van Lines, Inc., 836 F.2d 910 (5th Cir.1988), McLean contends that the United States Court of Appeals for the Fifth Circuit has decided that the Carmack Amendment does not preempt all state-law claims
We conclude that Hughes is relevant to the preemption issue in this case, but Beers is not. In analyzing the cases that have discussed federal preemption with regard to the Carmack Amendment, it is important to distinguish “complete” or “super” preemption from “ordinary” preemption. “Complete preemption” is a jurisdictional concept that mandates a federal court’s authority over the subject matter of a lawsuit, justifies removal of a state claim to federal court, and prevents remand to a state court. See Beers v. North American Van Lines, Inc., 836 F.2d 910 (5th Cir.1988); Bear MGC Cutlery, 132 F.Supp.2d at 939; Lamm, 139 F.Supp.2d at 1304. “Ordinary preemption,” on the other hand, is a federal defense to a state cause of action. Id.
“ ‘[T]he term “preemption” ... has caused a substantial amount of confusion between the complete preemption doctrine and the broader and more familiar doctrine of ordinary preemption. For that reason, it is worth pointing out that: complete preemption functions as a narrowly drawn means of assessing federal removal jurisdiction, while ordinary preemption operates to dismiss state claims on the merits and may be invoked in either federal or state court.’ ”
Lamm, 139 F.Supp.2d at 1304 (quoting Smith v. GTE Corp., 236 F.3d 1292, 1313 (11th Cir.2001)).' The Hughes court, when it held that the plaintiffs state-law claims were preempted by the Carmack Amendment, was deciding the viability of a federal defense to state causes of action and was discussing “ordinary preemption.” On the other hand, the Beers court, when it held that the plaintiffs state-law claims were not preempted by the Carmack Amendment, was deciding an issue of subject-matter jurisdiction and was discussing “complete preemption.” Beers, therefore, is not authority for McLean’s argument that the ordinary preemptive effect of the Carmack Amendment does not bar a state law breach-of-insurance contract claim.
Although there is a split of authority as to whether the Carmack Amendment “completely preempts” state law claims (in the sense of transforming them into federal claims and giving the federal courts sole subject-matter jurisdiction to adjudicate them), compare Bear MGC Cutlery Co., Inc. v. Estes Express Lines, Inc., 132 F.Supp.2d 937 (N.D.Ala.2001) (finding that *678 complete preemption exists), with Lamm v. Bekins Van Lines Co., 139 F.Supp.2d 1300 (M.D.Ala.2001) (finding that complete preemption does not exist), there is near unanimity in holding that, with regard to “ordinary preemption,” the Carmack Amendment is a defense to all state-law claims alleging loss or injury to property shipped in interstate commerce. See, e.g., Hopper Furs, Inc. v. Emery Air Freight Corp., 749 F.2d 1261, 1264 (8th Cir.1984) (holding that “[a]ll actions against a common carrier, whether designated as tort or contract actions, are governed by the federal statute”); White v. United Van Lines, Inc., 758 F.Supp. 1240, 1243 (N.D.Ill.1991) (holding that a claim alleging breach of an insurance contract was preempted).
For those state-law claims alleging something other than loss or injury to the goods, there is a divergence of opinion as to the ordinary preemptive effect of the Carmack Amendment. Compare, e.g., Gordon v. United Van Lines, Inc., 130 F.3d 282 (7th Cir.1997) (allowing an emotional distress claim), with Moffit v. Bekins Van Lines Co., 6 F.3d 306 (5th Cir.1993) (holding that an emotional distress claim was preempted). There are a number of decisions that would allow state-law claims alleging “separate” or “incidental” harm, i.e., harm in addition to or different from the harm due to loss of the goods. See, e.g., North American Van Lines, Inc. v. Pinkerton Sec. Sys., Inc., 89 F.3d 452 (7th Cir.1996) (suggesting that a deceptive-trade-practices claim might not be preempted). Contra Nowakowski v. American Red Ball Transit Co., 288 Ill.App.3d 348, 680 N.E.2d 441, 223 Ill.Dec. 708 (1997).
Because the Alabama Supreme Court’s 1968 decision in West Brothers predates the modern cases dealing with the ordinary preemptive effect of the Car-mack Amendment on state law claims, and because the opinion in West Brothers does not specify the nature of the state-law claims implicitly determined by the Alabama Supreme Court to be preempted, we are unsure as to the reach of West Brothers. We need not decide the question of “ordinary preemption” in this case, however, because we conclude that, even if McLean’s state-law breach-of-contract claim is not preempted by the Carmack Amendment, it is barred by state law, i.e., the contractual time-to-sue limitation in the bill of lading. Section 6-2-15, Ala.Code 1975, provides:
“Except as may be otherwise provided by the Uniform Commercial Code, any agreement or stipulation, verbal or written, whereby the time for the commencement of any action is limited to a time less than that prescribed by law for the commencement of such action is void.”
Section 7-7-309(3), Ala.Code 1975, a part of the Alabama Uniform Commercial Code, does “otherwise provide” that “[r]ea-sonable provisions as to the time and manner of presenting claims and instituting actions based on the shipment may be included in a bill of lading or tariff.” The two-year-and-one-day “time-to-sue” limitation included in the bill of lading is based on a congressional determination of what is a “reasonable time” for filing suit. See Note, Carriers — Goods: Limitation of Liability — Suit Permitted Within Bill of Lading Period Authorized by Federal Act Despite Shorter State Statute of Limitations, 66 Harv. L.Rev. 923 (1953). The validity of a bill of lading limitations period has long been recognized. See, e.g., Leigh Ellis & Co. v. Davis, 260 U.S. 682, 688-89, 43 S.Ct. 243, 67 L.Ed. 460 (1923) (affirming the application of a contractual term requiring that suit be filed within two years and one day). McLean is, therefore, bound under state law by the two-year- *679 and-one-day time-to-sue limitation in the bill of lading because it was a reasonable limitation on the time for instituting an action against Wheaton. McLean’s complaint, filed three years and nine months from the event triggering the running of the time-to-sue limitation, was untimely.
The judgment of the circuit court is affirmed.
AFFIRMED.
THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
YATES, P.J., concurs in the result.

. The Carmack Amendment was recodified in the ICC Termination Act of 1995, Pub.L. No. 104-88, 1995 U.S.C.C.A.N. (109 Stat.) 803. Until its recodification, it was known as “the Carmack Amendment to the Interstate Corn-merce Act.” Following the lead of every court that has discussed the current statute, we refer to § 14706 as the "Carmack Amendment.”

. 28 U.S.C. § 1337(a) states that original federal question jurisdiction over Carmack Amendment claims is limited to actions for which "the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.” 28 U.S.C. § 1445(b) states that a civil action arising under the Carmack Amendment cannot be removed from state court to federal court unless the matter in controversy exceeds $10,000.

. McLean makes no argument regarding his bad-faith and tort-of-outrage claims, probably because both of those claims are subject to the two-year limitations period set out in § 6-2-38(l), Ala.Code 1975, see Alfa Mut. Ins. Co. v. Smith, 540 So.2d 691, 692-93 (Ala.1988) (bad faith); Archie v. Enterprise Hosp. & Nursing Home, 508 So.2d 693, 695 (Ala.1987) (outrage).