Lenore KIMMEL, Plaintiff,

v.

BEKINS MOVING & STORAGE CO, d/b/a Bekins Van Lines, LLC Moving Management Services, Bekins Moving & Storage Co. of Texas, d/b/a Bekins Van Lines, LLC, Move Management Services, and Bekins Moving and Storage Co, LLC d/b/a BMS–Texas Acquisition, LLC., Defendants,

No. H–02–0787.

United States District Court, S.D. Texas, Houston Division.

June 12, 2002.

John Wesley Wauson, Wauson & Associates, Sugarland, TX, for Lenore Kimmel, plaintiff.

Vic Houston Henry, Dallas, TX, for Bekins Moving and Storage Co., Moving Management Services, Bekins Moving & Storage Co. of Texas, Move Management Services, Bekins Moving & Storage Co LLC, defendants.

## MEMORANDUM OPINION

HOYT, District Judge.

### I.  INTRODUCTION

Before the Court is the plaintiff, Lenore Kimmel's, motion to remand this case to state court. The defendants, Bekins Van Lines, LLC, Move Management Services, Bekins Moving and Storage Co. of Texas, and Bekins Moving and Storage Co., LLC d/b/a/ BMS–Texas Acquisition, LLC (collectively referred to as "defendants") oppose remand, arguing that this case is properly before the Court pursuant to 28 U.S.C. § 1445(b). After a thorough review, the Court determines that the plaintiff's motion should be DENIED.

### II.  FACTUAL BACKGROUND

This case involves an interstate shipment of goods that were allegedly damaged while in transit. On August 31, 2000, the plaintiff contracted with the defendants to transport belongings from the plaintiff's home in Woodland Hills, California to Sugar Land, Texas. The shipment was to be picked up on October 12, 2000, and delivered four days later. Although the pick up was timely, the delivery was delayed and eventually made two days late. Upon inspection, the plaintiff discovered items that were destroyed, broken, and missing.

On November 26, 2001, the plaintiff sued the defendants in the 400th Judicial District Court of Fort Bend County, Texas for breach of contract and for violations of the Texas Deceptive Trade Practices Act. The defendants timely filed a notice of removal pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1441, 1445(b), asserting that the plaintiff's claims are governed by the Carmack Amendment, 49 U.S.C. § 14706.

The plaintiff then filed this motion to remand.

## III. CONTENTIONS OF THE PARTIES

### A. Kimmel's Arguments

The plaintiff argues that this Court lacks jurisdiction over this civil action because the face of the complaint fails to reveal any issue based on federal law. Rather, the plaintiff argues, the complaint reveals actions based only on state substantive law for breach of contract and for violations of the Texas Deceptive Trade Practices Act. Therefore, under the "well-pleaded complaint" rule, there is no federal question pleaded over which this Court may exercise jurisdiction. Moreover, the plaintiff asserts that removal cannot be based on a defense of preemption of state law by the Carmack Amendment.

### B. The Defendants' Argument

The defendants contend that jurisdiction is conferred by 28 U.S.C.A. § 1337(a), because the plaintiff has stated a cause of action under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, which regulates the delivery rates charged by carriers in interstate commerce. Relying on the exceptions to the "well-pleaded complaint" rule, the defendants argue that this Court has jurisdiction over the matter because the plaintiff's claims fall within the scope of the complete preemption doctrine.

## IV. STANDARD OF REVIEW

### A. Removal Jurisdiction

■ Removal is proper if notice of removal is filed within thirty (30) days of the defendants' first notice or receipt of the plaintiff's original petition. See 28 U.S.C. § 1446(b). To warrant removal of an action from state to federal court on the ground of the existence of a federal question under the well-pleaded complaint rule, a controversy involving a federal question must be disclosed on the face of the complaint. See Oliver v. Trunkline Gas Co., 789 F.2d 341 (5th Cir.1986).

■ For purposes of deciding the plaintiff's motion to remand, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in the plaintiff's favor. Willy v. Coastal Corp., 855 F.2d 1160, 1163–64 (5th Cir.1988); See also Kidd v. Southwest Airlines, Co., 891 F.2d 540, 542 (5th Cir.1990) ("In cases that have been removed to federal court, the plaintiff's complaint rather than the removal petition must establish federal jurisdiction").

■ However, a plaintiff may not defeat removal by artfully omitting reference to federal questions, that is, bringing a cause of action under state law in an effort to avoid federal law or federal preemption. See Eitmann v. New Orleans Public Service, Inc., 730 F.2d 359, 365 (5th Cir.1984)

### B. Interstate Shipping

■ Disputes concerning an interstate carrier's liability for lost or damaged goods are governed by the Carmack Amendment, which is designed to provide a national standard for carrier liability. See 49 U.S.C. § 14706; See also Morris v. World Wide Moving, Inc., 144 F.3d 377, 382 (5th Cir.1998). The Carmack Amendment preempts state law and is viewed as an exclusive remedy for interstate carrier disputes. Id. Thus, contracts for the interstate shipment of goods are governed by the Carmack Amendment. Federal-question jurisdiction exists for Carmack Amendment claims "only if the matter in controversy for each receipt or bill of lading exceeds $10,000.00, exclusive of interest and costs." See 28 U.S.C. § 1337.

## V. ANALYSIS

Unlike diversity jurisdiction, controversies that involve federal question jurisdic-

tion do not require that the amount in controversy be $75,000. *See* 28 U.S.C. § 1332. Federal question jurisdiction exists over suits "arising under the Constitution, laws, or treaties of the United States," whether the complaint clearly sets forth a federal cause of action or not. *See* 28 U.S.C.A. § 1331. Thus, removal of a case to federal court on federal question grounds requires a showing that the controversy involves a federal question that is disclosed on the face of the complaint, in accordance with the "well-pleaded complaint" rule. *Oliver,* 789 F.2d at 341. The Supreme Court held in *Caterpillar v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), that "the plaintiff is master" to decide what law she will rely on, and that she has the choice of relying on state law alone when both state and federal law may give her a cause of action. A review of the plaintiff's pleading fails to reveal that a federal question has been asserted by the plaintiff.

■ However, the plaintiff's state law claims can be removed to a federal court when the subject matter is preempted by federal law, like the Carmack Amendment. *Id.* at 393, 107 S.Ct. 2425. The Supreme Court has noted that there exists an "independent corollary" to the well-pleaded complaint rule known as the "complete preemption" doctrine. *Id.* Under the "complete" preemption doctrine, once an area of law has been completely preempted, any claim purportedly based on that preempted law is considered, from its inception, a federal claim, and therefore arises under federal law. *Id.* Put another way, complete preemption is a jurisdictional concept that mandates federal courts' authority over the subject matter preempted. *See Beers v. North American Van Lines, Inc.,* 836 F.2d 910 (5th Cir.1988) (The *Beers* holding discussed the issue of subject-matter jurisdiction and "complete" preemption).

■ Both the Supreme Court and the Fifth Circuit have held that the Carmack Amendment preempts state law claims against a common carrier. *See Adams Express Co. v. Croninger,* 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913), *Moffit v. Bekins Van Lines Co.,* 6 F.3d 305 (5th Cir.1993) (district court correctly held that the Carmack Amendment preempted plaintiff's state law claims for, *inter alia,* breach of contract and breach of the Texas Deceptive Trade Practices Act), and *Morris v. World Wide Moving, Inc.,* 144 F.3d 377, 382 (5th Cir.1998). Since the matter in controversy for each receipt or bill of lading in this case exceeds $10,000.00 for this Carmack Amendment claim, federal-question jurisdiction exists. 28 U.S.C. § 1337. Therefore, the complete preemption doctrine applies and removal on that basis was proper.

## VI. CONCLUSION

The Court is of the opinion and it holds, that the plaintiff's motion to remand should be and it is DENIED.

It is so ORDERED.