**James and Lillie ARMSTRONG, Plaintiffs,**

v.

**NORTH ALABAMA MOVING AND STORAGE, INC., Atlas Van Lines, Inc., and Transguard Insurance Company, Defendants.**

**Civil Action No. CV–07–S–2311–NE.**

United States District Court, N.D. Alabama, Northeastern Division.

Jan. 8, 2008.

**1158**

Lloyd T. McMurtrie, Hess & McMurtrie PC, Huntsville, AL, for Plaintiffs.

Elizabeth R. Floyd, David B. Hall, Baker Donelson Bearman Caldwell & Berkowitz, Birmingham, AL, Frank McRight, Lanier Ford Shaver & Payne, Huntsville, AL, Kenneth M. Bryant, Miller & Martin PLLC, Nashville, TN, for Defendants.

## ORDER

C. LYNWOOD SMITH, JR., District Judge.

This matter is before the court on a notice of removal filed by defendant Atlas Van Lines, Inc. ("Atlas") (doc. no. 1). Shortly after filing its notice of removal, Atlas moved to dismiss all claims asserted against it on the grounds of federal preemption.[1] Atlas argues that all of the claims asserted against it should be dismissed as they are preempted by the Car-

---

1. *See* doc. no. 6.

2. The fact that the case was filed in Madison County Circuit Court does not shed any light on the matter because circuit courts in Alabama, while having exclusive jurisdiction of matters where the amount in controversy ex-

mack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.

Before the court can consider defendant's motion to dismiss, it must be satisfied of its jurisdiction. *See, e.g., Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (noting that courts "must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The notice of removal in the present case raises two different areas of concern.

■ First, even if a case arises under the Carmack Amendment, it can only be removed if the amount in controversy exceeds $10,000. *See* 28 U.S.C. § 1445(b). A review of the face of the complaint fails to reveal the amount of damages at stake in this action. Plaintiffs allege that on or about November 23, 2001, they entered into an express or implied agreement with defendant to safely load and transport their furniture from Buffalo, New York to Madison County, Alabama. Plaintiffs further allege that defendants breached that agreement by causing or allowing the furniture to be damaged and as a result they have suffered damages to their property as well as mental anguish. No further details regarding the extent of damages are revealed in the complaint.[2]

Defendant's notice of removal merely states in a conclusory fashion that "it appears more likely than not that the Plaintiffs are seeking damages in excess of $10,000...."[3] That fails to meet its burden to

ceeds $10,000, also have concurrent jurisdiction with district courts where the amount in controversy is between $3,000 and $10,000. *See* Ala.Code § 12–11–30 (1975).

3. Doc. no. 1 at 2.

show that the minimum amount in controversy is satisfied.

 Second, before this court can find that removal was proper, it must find that Congress intended, through the Carmack Amendment, to completely preempt all state law claims. Mere "presence of a federal defense does not make the case removable, even if the defense is preemption, and even if the validity of the preemption defense is the only issue to be resolved in the case." *BLAB T.V. of Mobile Inc., v. Comcast Cable Communications, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). This complete preemption or super preemption doctrine recognizes that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The circumstances for such a finding are exceedingly rare, and the Supreme Court has recognized complete preemption in only a few areas: § 301 of the Labor Management Relations Act if 1948 (LMRA), § 502 of the Employee Retirement Income Security Act of 1974 (ERISA), and actions for usury against national banks under the National Bank Act. *See Avco Corp. v. Aero Lodge*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (LMRA); *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct.

1542, 95 L.Ed.2d 55 (1987) (ERISA), and *Beneficial National Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) (National Bank Act).

The Supreme Court has not addressed the precise issue before the court, and there is a division of opinion among the lower courts.[4] *Compare Lamm v. Bekins Van Lines Co.*, 139 F.Supp.2d 1300 (M.D.Ala.2001) (finding no complete preemption) *with Oliver v. Atlas Van Lines, Inc.*, 504 F.Supp.2d 1213 (N.D.Ala.2007) (finding complete preemption).

The argument that the Carmack Amendment is an example of complete preemption where Congress has expressed its intention to "occupy the field" is somewhat undercut by the statute that places a requirement that the amount in controversy exceed $10,000 before the action can even be removed. If Congress intended for all actions regarding the carrier-shipper relationship to be within the sole jurisdiction of the federal courts, then why would it create a sub-set of cases that must be litigated in state courts? The same is true for cases arising under the Carmack Amendment pursuant to this court's original jurisdiction. Section 1337 of Title 28 provides as follows:

> The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Con-

---

4. In *Smith v. United Parcel Service*, 296 F.3d 1244 (11th Cir.2002), the court considered a question of defensive preemption under the Carmack Amendment. The Eleventh Circuit and district court did not appear to address the jurisdictional issues raised by this court. The finding that the Carmack Amendment preempts certain state law claims is neither dispositive nor surprising. Any state court resolving this matter could arrive at the same conclusion. *See, e.g., McLean v. Wheaton Van Lines, Inc.*, 842 So.2d 673, 677 (Ala.Civ.App. 2002) (finding that although "there is a split in authority as to whether the Carmack

Amendment 'completely preempts' state law claims (in the sense of transforming them into federal claims and giving the federal courts sole subject-matter jurisdiction to adjudicate them), ... there is near unanimity in holding that, with regard to 'ordinary preemption,' the Carmack Amendment is a defense to all state-law claims alleging loss or injury to property shipped in interstate commerce.") (citations omitted). The issue the court now raises *sua sponte* is whether only a federal court can make such a determination under principles of complete preemption.

**1160**

gress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however,* That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

28 U.S.C. § 1337(a) (emphasis in original). As a result, the Alabama Court of Civil Appeals has observed that "state courts have, in effect, exclusive jurisdiction over some Carmack Amendment claims." *McLean,* 842 So.2d at 676.

Courts faced with arguments concerning complete preemption of Carmack Amendment claims have not discussed the aforementioned observation. Defendant needs to provide the court with legal authority that complete preemption exists when a subset of cases arising under a federal statute is specifically reserved for the jurisdiction of state courts.

Accordingly, defendant is ORDERED to show cause why this case should not be remanded for lack of jurisdiction and address the two concerns outlined by the court in a written brief to be filed on or before January 22, 2008. Plaintiff is ORDERED to file a responsive brief on or before January 29, 2008.